**UNITED STATES of America, Appellee,**

v.

**Howard PRESS, Appellant.**

**No. 16564.**

United States Court of Appeals Third Circuit.

Argued Oct. 2, 1967.

Decided Oct. 19, 1967.

Norman Fischbein, Newark, N. J., for appellant.

Dennis O'Connor, Asst. U. S. Atty., Newark, N. J., David M. Satz, Jr., U. S. Atty., Newark, N. J., Edwin H. Stier, Asst. U. S. Atty., on the brief, for appellee.

Before STALEY, Chief Judge, and MARIS and VAN DUSEN, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

This appeal from the sentence and commitment of the District Court dated March 3, 1967, on Count 1 of the indictment challenges the order of that District Court filed January 20, 1967, denying the application of the defendant filed December 18, 1966, to withdraw his guilty plea entered September 13, 1966, and to restore a previous plea of not guilty. The defendant was indicted on October 27, 1965, together with five other individuals, under an 18-count indictment charging violation of the criminal provisions of the Federal Food, Drug and Cosmetic Act (21 U.S.C. §§ 331 and 333) and, in the first count, a conspiracy with the other defendants to commit offenses and to cause the commission of offenses prohibited by such Act, specifically viola-

tions of 21 U.S.C. § 331(a), § 331(k), and § 333(b), such conspiracy being alleged to be in violation of 18 U.S.C. § 371. Defendant was charged with separate crimes in the first six counts.

On November 12, 1965, Norman Fischbein entered his appearance for the above defendant. On the same date, the defendant, with his counsel present, entered a plea of not guilty to the above six counts.

Apparently between November 12, 1965, and September 1966, defendant also consulted another attorney, who was familiar with a related civil case involving the same subject matter as that contained in the indictment, and Mr. Fischbein had sent such attorney, whose office was in New York, "a portion of the file." On September 13, 1966, defendant came to Mr. Fischbein's office incident to preparation for the trial and told Mr. Fischbein that "he could not afford to pay me." At that time, Mr. Fischbein was discharged as defendant's attorney.[1]

The defendant went from Mr. Fischbein's office to the United States Attorney's office and asked to be brought before the court so that he could enter a plea of guilty to Count 1 of the indictment. He appeared before the court and, after extensive interrogation by the District Court Judge in full compliance with F.R.Crim.P. 11, defendant informed the court that he wanted to dispense with the services of counsel due to "financial difficulty" between counsel and himself, even though he had a drawing account of $150.00 a week, and signed a "waiver of counsel" after it was read to him.[2]

He asked to enter a plea of guilty to Count 1 of the indictment and was permitted to do so.

Within a week of December 18, when defendant filed his written application to withdraw his plea, defendant returned to Mr. Fischbein's office and stated that, although he had participated in some of the overt acts charged in Count 1, he did not participate in them with knowledge of the purpose of the conspiracy and that he did not intend to break the law. Defendant concedes that he waived counsel voluntarily and he voluntarily entered his plea, but contends that he decided to enter his plea "in a fit of depression" due to family financial difficulties.[3]

Defendant was given a full hearing on his application to withdraw his guilty plea to Count 1 on January 20, 1967. At this hearing it was conceded that earlier in January a jury had returned a verdict of guilty as to the only co-defendant who had gone to trial.

After a careful review of the record, the court can find no abuse of discretion. The following language in United States v. Ptomey, 366 F.2d 759, 760 (3rd Cir. 1966), is applicable to this record:

> "The trial judge painstakingly reviewed the testimony and searched the record before him to see whether there was anything which would indicate that the defendants were misled or coerced or that their pleas were not freely and understandingly entered and found nothing. We find nothing."

The sentence and commitment of the District Court and its order of January 20, 1967, will be affirmed.

---

1. Mr. Fischbein informed the court on January 20, 1967:
   "He said he could not afford to pay me. I told him that I was not assigned to the case, and that if he didn't want to make arrangements with me that he should make arrangements elsewhere.
   "He left my office and I was discharged."
   Defendant testified on January 20, 1967: "I had faced Mr. Fischbein and had been unable to meet this request for a fee."

2. At this hearing he testified that he had completed about three years of college (New York University and University of Wisconsin); that his education included instruction in American history, with particular reference to the rights guaranteed to American citizens by the Federal Constitution.

3. It is noted that prior to the entry of the guilty plea on September 13, 1966, the court asked defendant if he had ever had "any mental trouble" and he answered "I don't think so." He produced no expert testimony to confirm or explain his alleged "fit of depression" at the hearing of January 20, 1967.