Howard PRESS, Appellant,

v.

UNITED STATES of America.

No. 17487.

United States Court of Appeals,
Third Circuit.

Argued Sept. 18, 1970.

Decided Oct. 5, 1970.

Howard A. Press, pro se.

Robert J. Cirafesi, Asst. U. S. Atty.,
Newark, N. J. (Frederick B. Lacey,
U. S. Atty., John J. Barry, Asst. U. S.
Atty., Newark, N. J., on the brief), for
appellee.

Before BIGGS, SEITZ and GIBBONS,
Circuit Judges.

OPINION OF THE COURT

PER CURIAM:

Appellant was indicted in 1965 for conspiracy to violate the Federal Food, Drug and Cosmetic Act, 21 U.S.C. §§ 331, 333. With the assistance of retained counsel he entered a plea of not guilty. Thereafter he dismissed his retained attorney and on September 13, 1966 entered a plea of guilty. This plea and the simultaneous waiver of counsel were made after full compliance with Fed.R. Crim.P. 11. On December 18, 1966, prior to sentencing, appellant moved to withdraw his guilty plea. At the hearing on this motion he was represented by retained counsel. After a hearing at which testimony was taken the motion to withdraw the guilty plea was denied, and on direct appeal this court affirmed that denial. United States v. Press, 384 F.2d 955 (3d Cir. 1967). Appellant was then sentenced to three years in prison. While in custody he filed a motion in the district court pursuant to 28 U.S.C. § 2255. That court concluded that the grounds for relief asserted by petitioner had been fully litigated on the motion to withdraw his guilty plea, and denied relief without an evidentiary hearing. We have examined the petition, the record on petitioner's guilty plea, and the record on his motion to withdraw that plea. They conclusively show that the petitioner is entitled to no relief. 28 U.S.C. § 2255.

This being the case, we need not here decide whether a § 2255 motion, following a motion to withdraw a guilty plea prior to sentencing, should be regarded as a second or successive motion for similar relief. See Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1962); Kaufman v. United States, 394 U.S. 217, 227 n. 8, 89 S.Ct. 1068, 22 L.Ed. 2d 227 (1969); Konigsberg v. United States, 418 F.2d 1270, 1273 (3d Cir. 1969). The district court properly denied relief without an evidentiary hearing, and its order of July 8, 1968 will be affirmed.