Angel R. FIGUEROA–VAZQUEZ,
Petitioner, Appellant,

v.

UNITED STATES of America,
Respondent, Appellee.

No. 82–1948.

United States Court of Appeals,
First Circuit.

Argued Sept. 8, 1983.

Decided Oct. 13, 1983.

John M. Garcia, Hato Rey, P.R. by appointment of the Court, for petitioner, appellant.

Lydia Lizarribar, Asst. U.S. Atty., Hato Rey, P.R., with whom Daniel F. Lopez Romo, U.S. Atty., Hato Rey, P.R., was on brief, for respondent, appellee.

Before COFFIN, Circuit Judge, FAIR-CHILD,* Senior Circuit Judge, and BREYER, Circuit Judge.

BREYER, Circuit Judge.

Appellant, Figueroa-Vazquez, was indicted for bank robbery. 18 U.S.C. § 2113(d). He pleaded not guilty at his arraignment before a federal magistrate on February 23, 1978. In district court, on March 30, 1978, he changed his plea to guilty, and he was sentenced to serve fifteen years in prison. Subsequently, he moved to vacate his sentence, *see* 28 U.S.C. § 2255, on the ground that he had not been mentally competent when he changed his plea. The district court ordered a psychiatric examination "now" to determine if Figueroa-Vazquez had been mentally competent "then." Two psychiatrists testified, both concluding that Figueroa-Vazquez had been mentally com-

---

* Of the Seventh Circuit, sitting by designation.

petent. The district court then denied appellant's § 2255 motion.

Figueroa-Vazquez's basic argument on this appeal (as in the district court) is that, whether or not he was *actually* incompetent at the time he pleaded guilty, the record before the court on that day—March 30, 1978—indicated that he *might* be mentally incompetent; thus, the district court should have held a full competency hearing at that time. We do not agree.

The relevant standard against which we are to judge the conduct of the court (whether we view the matter as one of statute or of the Constitution) is that contained in 18 U.S.C. § 4244. *See Chavez v. United States,* 656 F.2d 512, 517 (9th Cir. 1981) (Due process requires hearing if evidence "raises a reasonable doubt about the defendant's competency . . . .") (quoting *de Kaplany v. Enomoto,* 540 F.2d 975, 981 (9th Cir.1976) (*en banc*)); *Lokos v. Capps,* 625 F.2d 1258, 1261 (5th Cir.1980) (Constitutional standard requires hearing when "information . . . should reasonably have raised a doubt about defendant's competency . . . ."). That statute requires a competency hearing whenever there is "reasonable cause to believe that [the accused] may be presently insane or otherwise so mentally incompetent as to be unable to understand the proceedings against him or properly to assist in his own defense." 18 U.S.C. § 4244. We see no such "reasonable cause" as of the time of the guilty plea.

The district court had several relevant items before it on March 30. First, it had the record of the arraignment. On the one hand, this record revealed that appellant said that he understood his counsel's explanation of the charges against him, that appellant denied using drugs within the "last few days," and that appellant's answers were rational and coherent. On the other hand, when the magistrate asked appellant if he was suffering from any mental impairment, appellant replied that he was under psychiatric treatment. And, when the magistrate asked appellant how he felt about his "mental abilities" that day, appellant answered, "I'm not so well." Appellant also stated that, although he was not then using drugs, he had been a drug addict for a long time. Finally, the record showed that appellant's lawyer, present throughout, did not raise the competency question and affirmatively told the court that he believed his client could understand the proceedings.

Second, the district court had the statements made at the March 30 proceeding itself. Nothing occurred at that hearing providing any additional evidence of incompetency. Rather, appellant's counsel again suggested competency by stating that there was no reason why his client's plea should not be accepted.

Third, the district court had before it a presentence report containing a note that states that appellant claimed to have received psychiatric treatment in 1977. The probation officer evidently tried to verify this claim, but he apparently could not do so by the time of the March 30 proceeding.

In our view, these bits of information did not constitute "reasonable cause," particularly in light of appellant's counsel's statements about appellant's ability to participate in the proceedings. *See United States v. Clark,* 617 F.2d 180, 186 (9th Cir.1980) (placing significance on defense counsel's failure to move for a competency hearing during trial); *Reese v. Wainwright,* 600 F.2d 1085, 1092 (5th Cir.1979) (placing significance on defense counsel's expressed belief that defendant was competent), *cert. denied,* 444 U.S. 983, 100 S.Ct. 487, 62 L.Ed.2d 410 (1979). To find "reasonable cause" here would come close to requiring district courts to order competency hearings *sua sponte* in every case where a defendant has some history of psychiatric treatment and, even vaguely, mentions the problem. The competency hearing would become nearly a routine step between arraignment and trial. Neither the statute nor the case law suggests any such requirement. *Compare United States v. Bradshaw,* 690 F.2d 704, 712–13 (9th Cir.1982) (no hearing despite, *e.g.,* psychiatric report finding " 'undifferentiated type' schizophrenia" and characterizing appellant as "mentally disordered sex offender") *and Newfield v. Unit-*

ed States, 565 F.2d 203, 205 (2d Cir.1977) (no hearing required despite two psychiatrists' reports finding, *e.g.,* that appellant's "present anxiety, impairment of associative thought processes and paranoid thinking support a diagnosis of chronic undifferentiated schizophrenia") *and Hance v. Zant,* 696 F.2d 940, 948–49 (11th Cir.1983) (similar) *with Drope v. Missouri,* 420 U.S. 162, 180, 95 S.Ct. 896, 908, 43 L.Ed.2d 103 (1975) (hearing required on basis of psychiatric report suggesting need for treatment, testimony that appellant tried to choke wife on eve of trial, and appellant's suicide attempt) *and Pate v. Robinson,* 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966) (hearing required on basis of long history of disturbed behavior, including killing of son and suicide attempt, and of uncontroverted testimony of insanity).

Furthermore, that the district court conducted a series of retrospective competency hearings does not indicate a belief that appellant had been entitled to a § 4244 hearing prior to entering his guilty plea. The court believed these hearings to be "of doubtful necessity," but ordered them nonetheless to ensure that it had not erred in failing to order a competency hearing on its own motion prior to the change of plea.

Appellant also argues that information that later came to light, namely a detailed history of his condition and treatment, warrants a new trial, presumably because it shows that appellant's counsel performed inadequately on March 30 or shows that his guilty plea was involuntary. There is no indication, however, that appellant's counsel had this information on March 30. More importantly, two psychiatrists, one of whom examined this history and the other of whom examined both it and appellant, concluded that it did *not* show incompetency. At most, it could have suggested a "doubt" had it been available on March 30. Under these circumstances, we cannot say that the failure of appellant's counsel to request an incompetency hearing amounted to less than "reasonably competent assistance," *United States v. Lopez,* 709 F.2d 742, 746 (1st Cir.1983); *Cepulonis v. Ponte,* 699 F.2d 573, 575 (1st Cir.1983); *United States v.*

*Bosch,* 584 F.2d 1113, 1121 (1st Cir.1978). Nor is there any basis for finding the plea involuntary because of incompetency-in-fact. *See Allard v. Helgemoe,* 572 F.2d 1, 4 (1st Cir.1978) ("[T]est must be whether [the defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as a factual understanding of the proceedings against him.") (quoting *Dusky v. United States,* 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960) (*per curiam*)), *cert. denied,* 439 U.S. 858, 99 S.Ct. 175, 58 L.Ed.2d 166 (1978). Accordingly, the judgment of the district court is hereby

*Affirmed.*