UNITED STATES of America, Appellee,

v.

Hector Acevedo RAMOS,
Defendant, Appellant.

No. 85–1975.

United States Court of Appeals,
First Circuit.

Argued Oct. 9, 1986.

Decided Jan. 30, 1987.

Before BOWNES, Circuit Judge, BROWN,* Senior Circuit Judge, and TORRUELLA, Circuit Judge.

TORRUELLA, Circuit Judge.

Defendant Hector Acevedo Ramos appeals from an order of the district court, 619 F.Supp. 570 (D.P.R.1985), denying a presentence motion to withdraw his guilty plea. Appellant raises *inter alia* claims of ineffective assistance of counsel, prosecutorial misconduct, involuntariness of his plea, newly-discovered evidence, and the prosecution's breach of the plea agreement, as grounds for withdrawal. Because the trial court acted within the broad discretion conferred by Fed.R.Crim.P. 32(d) in rejecting Acevedo's contentions, we affirm.[1]

*Background*

On April 17, 1985, a federal grand jury returned an indictment against Acevedo for aiding and abetting, and for conspiracy to affect interstate commerce by extortion, robbery, and kidnapping, in violation of 18 U.S.C. §§ 2, 1951 ("Gordon's Jewelry" case, Criminal No. 85–108(GG)). Acevedo retained Julio E. Gil de Lamadrid and Julio Morales Sánchez to represent him in the Gordon's Jewelry trial. Acevedo had been on trial on similar charges involving the robbery of jewelry ("Taillex" case, Criminal No. 84–373(HL)). Attorneys William M. Kunstler, Ronald L. Kuby, both appearing *pro hac vice*, and Luis F. Abreu-Elias, local counsel, represented Acevedo in that case.

On April 25, the jury in the Taillex case returned a guilty verdict. Faced with the prospect of other trials, appellant—through his son—first contacted an Assistant United States Attorney ("AUSA") with the intention of reaching an agreement in the Gordon's Jewelry case. AUSA's office refused to negotiate except through an attorney.

William M. Kunstler, New York City, with whom Ronald L. Kuby and Luis F. Abreu Elias, Hato Rey, P.R., were on brief for defendant, appellant.

H. Manuel Hernandez, Asst. U.S. Atty., with whom Daniel F. Lopez-Romo, U.S. Atty., Hato Rey, P.R., was on brief for appellee.

* Of the Fifth Circuit, sitting by designation.

1. Rule 32(d) provides:
   Plea Withdrawal. If a motion for withdrawal of a plea of guilty or nolo contendere is made before sentence is imposed, imposition of sentence is suspended, or disposition is had un-der 18 U.S.C. § 4205(c), the court may permit withdrawal of the plea upon a showing by the defendant of any fair and just reason. At any later time, a plea may be set aside only on direct appeal or by motion under 28 U.S.C. § 2255.

In a letter dated May 1, Acevedo unconditionally appointed Morales and Lamadrid as his exclusive representatives for any present or future indictment returned against him. On June 4, the parties reached a plea agreement. The government agreed to recommend a sentence of 20 years imprisonment in the Gordon's Jewelry case, to be served concurrently with a 28 year term in Taillex, and not to seek any fines or forfeiture of appellant's property in Puerto Rico. The agreement, however, did not bind civil or criminal law enforcement authorities of the Commonwealth of Puerto Rico. In return, Acevedo promised to plead guilty in Gordon's, plead guilty to a future RICO indictment based on "numerous murders and robberies," and waive his right to appeal the Taillex conviction.

On June 4, Acevedo filed in the district court a *pro forma* petition to enter a guilty plea to the Gordon's Jewelry indictment. Appellant stated in the form that he had a college degree, was not under the influence of narcotics, and had not been hospitalized for an emotional condition. He expressed satisfaction with counsel Lamadrid and Morales' performance. He further stated that he understood the charges against him, the maximum sentence which could be imposed, and the waiver of a panoply of federal constitutional rights which a guilty plea would entail. Appellant affirmed he pled guilty, uncoerced, and only because in fact he was guilty. Counsel certified having explained the charges, the consequences of a guilty plea, and that he pleaded understandingly and voluntarily.

On that day, the district court held a change of plea hearing, which corroborated in all respects appellant's assertions in the plea petition. The court below entered a finding of competence to plead. The court read the indictment, explained to appellant the elements of the offenses, and the maximum penalties provided by law, to which appellant responded he understood. The court introduced the plea agreement into the record. The trial judge clarified that a plea agreement under Fed.R.Crim.P. 11(e)(1)(B), as here, did not bind the court.[2] Thus, the judge could reject the government's recommendation and impose the maximum penalty authorized by law. The judge also explained that, if he rejected the recommendation, defendant had no right to withdraw the plea. Appellant stated he understood this.

Assistant United States Attorney H. Manuel Hernández proceeded to summarize the evidence against Acevedo. According to the government, several individuals kidnapped a manager of a Gordon's jewelry store, coerced him to provide certain information and materials, and then robbed over $400,000 worth of jewelry from the store. A conspirator would testify as to Acevedo's involvement in the planning of the robbery. The government would present evidence that Acevedo, the president of a jewelry distribution business, had subsequently bought the stolen jewelry for $30,000. Even though Acevedo did not narrate his own version of events, he openly admitted in court to the acts charged in the indictment. Apparently recognizing the strength of the evidence, counsel Lamadrid conceded he lacked proof to rebut the government's case. Only then did the district court accept his guilty plea.

Sentencing in Taillex was held on June 5. The government recommended there:

> The defendant, as part of [the plea] agreement has already pled guilty and has agreed to save the government the expense of going through several trials

---

**2.** Rule 11(e)(1)(B) states:
   (e) Plea Agreement Procedure.
      (1) In General. The attorney for the government and the attorney for the defendant or the defendant when acting pro se may engage in discussions with a view toward reaching an agreement that, upon the entering of a plea of guilty or nolo contendere to a charged offense or to a lesser or related offense, the attorney for the government will do any of the following:

     ·    ·    ·    ·    ·

   (B) make a recommendation, or agree not to oppose the defendant's request, for a particular sentence, with the understanding that such recommendation or request shall not be binding upon the court....

and an appeal. We view that as something of value ...

We believe the defendant did give us some information of value and we believe [the recommended sentence] would be ... appropriate ...

Joint Appendix at 87.

It is alleged that the government's recommendation was less than enthusiastic. Attorney Kunstler further claims error on the ground that, prosecutorial remarks linking appellant to organized crime, "undercut" the recommendation in Taillex. The remarks were:

AUSA (Hernández): ... [W]e submit this court cannot sentence in a vacuum ... You heard the testimony of Chichi Derieux who is an admitted member of organized crime ... We believe that it's appropriate for this court to consider in its sentencing that [Acevedo is not] a one time offender here who got mixed up in something for the first time in his life.

This is a man who has been involved in many, many crimes. [T]he court ... has had much evidence before it about Mr. Acevedo['s] ... involvements in organized crime here in Puerto Rico.

Joint Appendix at 75–76.

The Taillex court sentenced Acevedo to consecutive terms of 15 and 20 years and imposed a $10,000 fine.

Against this background, on June 17 (12 days after the Taillex sentence), but prior to sentencing in this case, appellant through counsel Lamadrid and Morales filed a motion to withdraw his guilty plea. In a sworn statement, Acevedo asserted his innocence, and claimed, without any details, to have exculpatory evidence to prove it. He further alleged lack of understanding as to the consequences of guilty pleas in the Gordon's Jewelry and RICO cases. With respect to the court's voluntariness finding, he allegedly became "emotionally depressed" after the Taillex conviction and remained as such throughout the change of plea hearing. Acevedo claims he pled guilty only to spare himself and his family the burdens of another trial. Concededly,

he pled guilty against the advice of counsel Morales and Lamadrid.

In support of the withdrawal motion, attorney Kunstler objected to the waiver of the Taillex appeal. In a sworn statement, he claimed lack of knowledge of the plea negotiations affecting the Taillex case in which he had represented Acevedo. Kunstler stated that Morales and Lamadrid did not try the Taillex case. From that he inferred counsel were not competent to advise Acevedo about the likelihood of success on a Taillex appeal. Kunstler essentially claimed that counsel negligently waived the Taillex appeal without evaluating its merits. Sánchez and Lamadrid filed a motion rebutting the allegations of incompetence.

On November 15, the district court in the Gordon's Jewelry case sentenced Acevedo to 35 years imprisonment, to be served concurrently with the Taillex sentence. Acevedo again maintained his innocence, and claimed that counsel and others had erroneously advised and induced him to plead guilty. Without holding an evidentiary hearing, the district court denied the motion to withdraw. This appeal ensued.

*Discussion*

■ Defendant's right to withdraw a guilty plea is not absolute. *See, e.g., United States v. Burnett,* 671 F.2d 709, 712 (2d Cir.1982). A court may grant a withdrawal application filed before sentencing upon a defendant's showing of a "fair and just reason." Fed.R.Crim.P. 32(d), codifying *Kercheval v. United States,* 274 U.S. 220, 47 S.Ct. 582, 71 L.Ed. 1009 (1927); *see* Annotation, *Withdrawal of Plea of Guilty or Nolo Contendere Before Sentence, Under Rule 32(d) of the Federal Rules of Criminal Procedure,* 6 A.L.R.Fed. 665 (1971 & Supp.1986).

Although the standard for a presentence withdrawal remains a liberal one, this court will not set aside the district court's findings unless a defendant unequivocally shows an abuse of discretion. *United States v. Keefe,* 621 F.2d 17, 20 (1st Cir. 1980); *Núñez Cordero v. United States,* 533 F.2d 723, 725 (1st Cir.1976). What

constitutes a "fair and just" reason in light of the abuse of discretion standard is best resolved by the courts on a case-by-case basis. *See* Rule 32(d) advisory committee note.

■■■ Several factors are relevant. One consideration, albeit insufficient *per se* for withdrawal, is defendant's assertion of legal innocence at the time of his guilty plea. *See United States v. Barker*, 514 F.2d 208, 221 (D.C.Cir.) (en banc), *cert. denied*, 421 U.S. 1013, 95 S.Ct. 2420, 44 L.Ed.2d 682 (1975) (citing *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970)). However, if defendant's factual contentions create no "legally cognizable defense" to the charges, "he has not effectively denied his culpability," and the motion can be denied. *Id.* at 220. The district court may also ascertain the reasons why the defenses raised in the withdrawal motion were not brought to the court's attention at the time of the original pleading. *United States v. Kobrosky*, 711 F.2d 449, 455 (1st Cir.1983).

The amount of time between the guilty plea and the filing of the motion should also be considered. "A swift change of heart" reduces the likelihood of prejudice to the government from permitting withdrawal, and strongly indicates that the plea was entered in "haste and confusion." *Barker*, 514 F.2d at 222 ("[e]ven where the plea was properly entered [under Fed.R. Crim.P. 11] ... the standard for judging the movant's reasons for delay remains low where the motion was filed only a day or so after the plea was entered"). *Cf. United States v. Crosby*, 714 F.2d 185, 192 (1st Cir.1983), *cert. denied*, 464 U.S. 1045, 104 S.Ct. 716, 79 L.Ed.2d 178 (1984) (eight week interval, not swift enough); *Keefe*, 621 F.2d at 20 (twenty day delay, same result); *Núñez Cordero*, 533 F.2d at 726 (motion denied for two week delay).

■■ Certain factors which suffice for a postconviction remedy under 28 U.S.C. § 2255 satisfy as well the less stringent burden of Rule 32(d). *See* advisory committee's note, *ante*. Among those is the prosecution's breach of a plea bargaining recommendation which results in a miscarriage of justice or is fundamentally unfair. *See Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962); *cf. United States v. Benchimol*, 471 U.S. 453, 456–57, 105 S.Ct. 2103, 2105, 85 L.Ed.2d 462 (1985) (per curiam) (whether prosecutor's breach of a promise to "enthusiastically" recommend a sentence can be remedied under section 2255 or Rule 32(d), *quaere* ). *See generally* Note, *Withdrawal of Guilty Pleas Under Rule 32(d)*, 64 Yale L.J. 590, (1954).

A consideration which is often dispositive is whether a defendant has voluntarily and intelligently entered into a guilty plea within the meaning of Fed.R.Crim.P. 11. *See Mack v. United States*, 635 F.2d 20, 23 (1st Cir.1980). "So important is strict compliance with Rule 11 procedures that pleas entered unconstitutionally or contrary to the rule should almost always be allowed to be withdrawn ..." 8A R. Cipes, I. Hall & M. Waxner, *Moore's Federal Practice* ¶ 32–07[1] at 32–123 (2d ed. 1986); *but see* Fed.R.Crim.P. 11(h) (variances from Rule 11 procedures that do *not* affect substantial rights shall be disregarded). Compliance with Rule 11 ensures that plea agreements become part of the record; that the court conducts an inquiry as to the voluntariness of the plea; that defendant is advised as to his rights and consequences of the plea; and finally, that the court determines that a factual basis exists for the plea and that a defendant understands these matters. *See* advisory committee's note, *ante; see generally* Project: *Criminal Procedure*, 74 Geo. L.J. 696, 701–04 (1986). This court has repeatedly found no abuse of discretion in the denial of a Rule 32(d) motion when Rule 11 procedures have been assiduously observed. *Crosby*, 714 F.2d at 190–92; *Keefe*, 621 F.2d at 17; *Núñez Cordero*, 533 F.2d at 726.

As one observer put it:
> The courts seem to indicate that since they are bending over backwards to make sure that a defendant is aware of what he is doing when he enters a guilty plea, they will not allow that defendant

to make a mockery of the system by allowing him to withdraw his plea simply because he changes his mind and now wants a jury trial.

Note, *Withdrawal of Guilty Pleas in the Federal Courts Prior to Sentencing*, 27 Baylor L.Rev. 793, 799 (1975).

A constitutional obstacle to the conviction warranting habeas corpus relief, such as ineffective assistance of counsel, is also a "fair and just reason." *See* advisory committee's note, *ante*. Whether a defendant has pled intelligently and voluntarily, depends upon the competence of counsel's advice. *Hill v. Lockhart*, 474 U.S. 52, ——, 106 S.Ct. 366, 369, 88 L.Ed.2d 203 (1985).

■ As part of weighing the equities of a Rule 32(d) motion, a district court may account for any prejudice to the government from withdrawing the plea. *Kobrosky*, 711 F.2d at 455. Only after a defendant has brought forward a "fair and just" reason, is the government *compelled* to demonstrate prejudice to its legitimate interests as part of its successful defense against a Rule 32(d) motion. *United States v. Saft*, 558 F.2d 1073, 1083 (2d Cir.1977); *Núñez Cordero*, 533 F.2d at 725.

■ In the case before us, appellant has not adduced a "fair and just reason." To begin with, appellant's purported claim of innocence lacks merit. Acevedo concedes that, unlike the defendant in *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), his assertion of innocence was not raised at the change of plea hearing. His asseveration came only at sentencing, after the Taillex conviction, and after the Rule 11 hearing in this case. Although appellant claims to possess exculpatory information to sustain his innocence, no insight has been provided into its substance. No defenses have been advanced.

The fact that Acevedo denied his culpability when questioned by federal agents before changing his plea is immaterial. Here, the trial court did not abuse its discretion in refusing to give weight to a self-serving, unsupported claim of innocence raised judicially for the first time after the Rule 11 hearing. *United States v. Hughes*, 325 F.2d 789, 791 (2d Cir.), *cert. denied*, 377 U.S. 907, 84 S.Ct. 1167, 12 L.Ed.2d 178 (1964).

■ Appellant's next argument is that his guilty plea of June 4 was hastily entered. Acevedo, to demonstrate the alleged fragility of his plea, would have us focus on his abortive June 7 attempt to renegotiate the plea bargain. On that occasion, he had requested the Government to drop the murder-robbery RICO charges in return for honoring the plea agreement. This conduct is inconsistent with that of a defendant who is confused about his choice of pleading, particularly when Acevedo knew or should have known on June 4 that pleading guilty to the RICO charge was predicated on numerous murders and robberies. Moreover, the renegotiation efforts did not raise any doubts of his culpability to the offenses as to indicate a "swift change of heart." *Barker*, 514 F.2d at 222. Acevedo's "change of heart" came on June 17 at the filing of the withdrawal motion—thirteen days after his guilty plea. As the two-week delay in *Núñez Cordero*, 533 F.2d at 726, failed to persuade us of a "fair and just reason," we similarly conclude Acevedo does not persuade us, as it did not the district court, that his "change of heart" was dictated by anything but to gain personal advantage.

■ We turn next to contentions of prosecutorial misconduct and plea agreement violations. In the May 1 letter, Acevedo divested Kunstler of any authority for negotiating a plea on his behalf. Thus, AUSA had no obligation to consult Kunstler, even when negotiating a waiver provision in the case in which Kunstler had been attorney of record. Accordingly, there was no misconduct.

Nor do we find that the prosecutor defaulted on the plea agreement. First, AUSA had no express obligation under the agreement to "enthusiastically" recommend a particular sentence. *Benchimol*, 471 U.S. at 455–56, 105 S.Ct. at 2104–05. Second, appellant's reliance on *United*

*States v. Grandinetti,* 564 F.2d 723 (5th Cir.1977) and *United States v. Brown,* 500 F.2d 375 (4th Cir.1974), to demonstrate a tacit repudiation of the bargain, is misplaced. Those cases involved *negative* recommendations by the government, particularly in *Grandinetti* where the prosecutor questioned at sentencing the *legality* of the agreement. Nothing here approaches the want of consideration in plea bargaining present in those cases. The Assistant United States Attorney did comment on a negative presentence report which purportedly linked Acevedo to organized crime. However, AUSA favorably expressed at the Taillex sentencing that, Acevedo had "given information of value," and had saved the government scarce resources in trying appellant. We conclude the government fulfilled its plea bargaining obligations. *See Keefe,* 621 F.2d at 19 n. 1.

■ That the district court thoroughly complied with Rule 11 also weighs heavily against appellant. Acevedo's eleventh-hour claim is that, his emotionally-depressed state affected the voluntariness of his plea. The district court found Acevedo "to be a well-oriented and intelligent individual." 619 F.Supp. at 578. At the hearing, Acevedo testified he felt well, was not taking medications, and had not been hospitalized for any emotional disorder. Acevedo's attorneys did not raise any concern as to his competence until the motion to withdraw was filed. The record presents no reason to doubt Acevedo's competence to plead. *Figueroa Vázquez v. United States,* 718 F.2d 511, 512 (1st Cir.1983); *United States v. Press,* 384 F.2d 955, 956 (2d Cir.1967) (per curiam) (motion denied where "fit of depression" was unconfirmed). Accordingly, the district court was not required to hold an evidentiary hearing on this issue. *Figueroa Vázquez,* 718 F.2d at 512.

■ Appellant presses the attack on the voluntariness of his plea by reason of ineffective assistance of counsel. At the outset, we hold that, the *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) standard for evaluating

such a claim applies to a Rule 32(d) presentence challenge to a guilty plea. *See Hill,* 106 S.Ct. at 370. Appellant must demonstrate, first, "counsel's representation fell below an objective standard of reasonableness." *Id.* at 369 (citing *Strickland,* 466 U.S. at 687–88, 104 S.Ct. at 2064–65). Second, that he has been prejudiced, i.e., but for counsel's mistakes, "he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 370.

Appellate counsel claim that Lamadrid and Morales were allegedly incompetent for, 1) striking a "disastrous bargain" where a guilty plea to a RICO charge meant a confession to local crimes, and 2) recommending a waiver of the Taillex appeal.

■ The first ground is meritless. A guilty plea to the RICO charge would not constitute a waiver of the fifth amendment privilege against self-incrimination in other crimes. *United States v. Albert,* 773 F.2d 386, 389 (1st Cir.1985); *United States v. Johnson,* 488 F.2d 1206, 1209–10 (1st Cir.1973). Nor can Acevedo complain that counsel failed to explain the consequences of a RICO guilty plea. At the change of plea hearing, appellant knew of the consequences, *i.e.,* the predicate acts of the RICO charge and that commonwealth authorities were not precluded from prosecuting him for local crimes.

The waiver contention is similarly unpersuasive. In a sworn statement, attorney Kunstler makes a conclusory, factually unsupported assertion that counsel were negligent in their failure to study the merits of the Taillex case. *See Kobrosky,* 711 F.2d at 457. This is insufficient for us to require an evidentiary hearing on the matter. *United States v. Fournier,* 594 F.2d 276, 279 (1st Cir.1979) (hearings are unnecessary "when the allegations attacking a guilty plea are vague and conclusory"). In any event, the critical consideration is whether Acevedo waived the *right* to appeal voluntarily and understandingly. *See* J. Bond, *Plea Bargaining and Guilty Pleas* § 5.14 at 5–29 (2d ed. 1982). Acevedo waived such a right without coercion.

In fact, he pleaded guilty against counsel's advice. There is no evidence to contradict that his voluntary waiver was an understanding one, or to support the allegation of ineffectiveness of counsel. Because Acevedo has advanced no "fair and just reason" to withdraw his plea, an analysis of prejudice is unnecessary. The judgment of the district court is affirmed.

*Affirmed.*