956 F.2d 263
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Antonio B. SAMPANG, Defendant-Appellant.
 No. 90-5109.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 9, 1991.
Decided Feb. 27, 1992.
 
 Appeal from the United States District Court for the Western District of Virginia, at Abingdon. James C. Turk, Chief District Judge. (CR-89-160)
 Antonio B. Sampang, appellant pro se.
 Jerry Walter Kilgore, Assistant United States Attorney, Abingdon, Va., for appellee.
 W.D.Va.
 AFFIRMED.
 Before K.K. HALL, WILKINSON and WILKINS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Dr. Antonio P. Sampang appeals from the district court's denial of his motion to withdraw his plea of guilty to one count of violating 21 U.S.C. § 841(a)(1) (1988) by distributing a controlled substance outside the professional course of practice, and from the judgment and sentence subsequently entered by the court. We affirm.
 
 
 2
 Under Fed.R.Crim.P. 32(d), the court may allow a defendant to withdraw his guilty plea prior to sentencing upon a showing of "any fair and just reason." The defendant has the burden of showing a fair and just reason. United States v. Pitino, 887 F.2d 42, 46 (4th Cir.1989). This is true even where the government would not be prejudiced by the withdrawal. United States v. Haley, 784 F.2d 1218, 1219 (4th Cir.1986). Subsequent to pleading guilty Sampang apparently had a change of heart and concluded that his conduct did not fall within the proscriptions of § 841(a)(1). He raised this contention for the first time at the time of sentencing. A trial court does not abuse its discretion in refusing to give weight to a self-serving, unsupported claim of innocence raised for the first time, as in this case, after the Fed.R.Crim.P. 11 hearing. United States v. Ramos, 810 F.2d 308, 313 (1st Cir.1987).
 
 
 3
 The district court conducted a full hearing in accordance with Fed.R.Crim.P. 11. The court found Sampang's plea to be both knowing and voluntary and supported by an adequate basis in fact. We find that the court did not abuse its discretion by failing to credit Sampang's subsequent denial of criminal responsibility.
 
 
 4
 Accordingly, we affirm the district court's decision to deny the motion to withdraw the plea and we affirm the judgment and sentence.* We deny Sampang's "Motion to Vacate Sentence and Withdraw Guilty Plea," his "Motion to Inhibit the Court to Proceed on the Case," and his "Motion for Summary Dismissal of Case." Because Sampang is not eligible to proceed in forma pauperis we deny his motion for appointment of counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 5
 AFFIRMED.
 
 
 
 *
 Because the government has not appealed, we do not address the propriety of the district court's reasons for granting a downward departure