**UNITED STATES of America, Plaintiff,**

v.

**Carl LALIBERTE, Defendant.**

**Crim. No. 92–21–P–C.**

United States District Court, D. Maine.

May 21, 1993.

Harper is a public figure who can only be defamed with actual malice.

## MEMORANDUM OF DECISION AND ORDER DENYING DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA

GENE CARTER, Chief Judge.

The Court now has before it Defendant's Motion to Withdraw Guilty Plea, filed pursuant to Fed.R.Crim.P. 32(d). The pertinent facts are as follows.

On February 18, 1992, Defendant was arrested on a warrant issued after the return of an Indictment charging him with five counts of criminal activity.[1] Defendant was charged as part of a cocaine conspiracy investigation which was conducted by the United States Drug Enforcement Administration (DEA) with assistance from state and local law enforcement in the Lewiston, Maine area. At his arraignment, Defendant pleaded not guilty and was released on bail.

On April 27, 1992, Defendant appeared, with counsel, before this Court and entered pleas of guilty to Counts I and V of the indictment pursuant to an Agreement to Plead Guilty and Cooperate (Docket No. 18). The Court ordered Defendant continued on the same bail pending imposition of sentence. Soon after executing the plea agreement, Defendant was utilized by the government to effectuate a controlled buy. Defendant's cooperative efforts resulted in an arrest and the seizure of a large quantity of marijuana.

On May 6, 1992, this Court entered an Order Directing Termination of All Active Law Enforcement Cooperation of Defendant (Docket No. 19).[2] Thereafter, Defendant did not cooperate actively with law enforcement personnel. The Court scheduled the matter for presentence conference on July 15, 1992, and scheduled the imposition of sentence for July 22, 1992. On July 10, 1992, Defendant

Nicholas Gess, Asst. U.S. Atty., Portland, ME, for plaintiff.

Thomas Poulin, Stinson, Lupton & Weiss, P.A., Bath, ME, for defendant.

1. Count I charged Defendant with conspiracy to possess with intent to distribute cocaine, 21 U.S.C. §§ 841(a)(1), 846. Counts II, III, and IV charged Defendant with possession with intent to distribute cocaine, 21 U.S.C. § 841(a)(1). Count V charged Defendant with a criminal forfeiture, 21 U.S.C. § 853.

2. The Court's Order states:

It having been brought to the attention of the Court that the Defendant herein, Carl Laliberte, has been engaged in *active* law enforcement cooperative activities at the instigation of BIDE and DEA officials (*see* attached Memorandum of J. Hollywood, USPO) without first seeking the consent of Defendant's supervising officer and *the approval of the Court,* and that such activity interferes with, disrupts, and defeats the Court's efforts, through its duly appointed officers, to properly supervise said Defendant while he is subject to the authority of the Court.

It is hereby, in consequence thereof, *ORDERED* that all active participation of Defendant Carl Laliberte in cooperative or other law enforcement activity *CEASE,* forthwith, pending further order of this Court.

moved to continue both hearings (Docket No. 21). The Court granted the motion and rescheduled the sentencing for September 29, 1992.[3] On August 10, 1992, the Government filed a motion under seal seeking the Court's permission to permit Defendant's active cooperation (Docket No. 22). This Court granted the motion, permitting Defendant's active cooperation on August 15, 1992 (Docket No. 22).

At the September 24, 1992, presentence conference, Defendant requested that the Court continue sentencing, then scheduled for September 29, 1992, for a period of at least three weeks so as to permit Defendant to engage in active cooperation with the Government. The Court denied the motion. On September 28, 1992, Defendant filed a Motion to Continue Sentencing, asserting that he wished to withdraw his guilty pleas and have new counsel appointed to represent him (Docket No. 26). On September 29, 1992, after a conference of counsel, the Court granted Defendant's Motion to Continue and established deadlines for filing the instant motion (Docket No. 28).

### I. LEGAL STANDARD

■ Under Rule 32(d) of the Federal Rules of Criminal Procedure, where a defendant moves to withdraw a guilty plea before sentencing, "the court may permit withdrawal of a plea upon a showing by the defendant of any fair and just reason." Fed.R.Crim.P. 32(d). See United States v. Ramos, 810 F.2d 308, 311 (1st Cir.1987) (noting that Rule 32(d) codified the "fair and just reason" standard of Kercheval v. United States, 274 U.S. 220, 47 S.Ct. 582, 71 L.Ed. 1009 (1927)). It is clear that, even before sentence is imposed, a defendant does not have an absolute right to withdraw a guilty plea. United States v. Moore, 931 F.2d 245, 248 (4th Cir.1991), cert. denied, —— U.S. ——, 112 S.Ct. 171, 116 L.Ed.2d 134 (1991); United States v. Buckley, 847 F.2d 991, 998 (1st Cir.1988), cert. denied, 488 U.S. 1015, 109 S.Ct. 808, 102 L.Ed.2d 798 (1989). The burden is on the defendant to show a "fair and just reason" to

withdraw his guilty plea. See Fed.R.Crim.P. 32(d), Judiciary Committee Notes on 1983 Amendment (1993); United States v. Buckley, 847 F.2d at 998.

■ In determining whether a fair and just reason has been proffered, a court must consider: (1) the force and the plausibility of the reason; (2) the amount of time which has passed from the time of the plea of guilty to the filing of the motion to withdraw; (3) whether the defendant has asserted his legal innocence; and (4) whether the defendant's guilty plea may, in light of the proffered reason and the disclosed circumstances, still be regarded as voluntary, intelligent, and otherwise in conformity with Federal Rule of Criminal Procedure 11. United States v. Pellerito, 878 F.2d 1535, 1537 (1st Cir.1989). If a fair and just reason for withdrawing the plea has been shown, the burden shifts to the Government to establish that it would be prejudiced by granting leave to withdraw. Id.

### II. ANALYSIS

#### The Proffered Reason

■ A defendant may not renounce his guilty plea without advancing a plausible reason for so doing. See United States v. Tilley, 964 F.2d 66, 72–73 (1st Cir.1992). Defendant asserts that prior to executing the plea agreement, the Assistant United States Attorney and representatives of DEA, as well as other state and local law enforcement agencies, promised Defendant that they would provide him with an opportunity to earn a Motion for Downward Departure. See Memorandum in Support of Defendant's Motion to Withdraw Guilty Plea (Docket No. 31) at 1. In the instant case, Defendant contends that the Government breached the plea agreement when, after the Court filed its Order prohibiting Defendant's active cooperation with law enforcement agencies, the Government did not immediately seek to have the Order vacated. Defendant further contends that this breach of the plea agree-

---

**3.** The sentencing was originally scheduled for September 28, 1992, but it was later rescheduled for September 29, 1992.

ment entitles him to withdraw his pleas of guilty.

Defendant's reason for wanting to withdraw his guilty plea is not sufficient to persuade the Court. Defendant's professed expectation of earning a motion for downward departure was unwarranted. The plea agreement contains no promise on the Government's part to move the Court for downward departure. Rather, the plea agreement clearly provides:

> Defendant understands that there are no further promises or agreements, either express or implied, other than those contained in this Agreement and that none will be made except in writing signed by all parties. *Nothing in this agreement shall be interpreted to require the United States to move the Court pursuant to United States Sentencing Commission Sentencing Guideline Section 5K1.1 for a downward departure.*

Agreement to Plead Guilty and Cooperate (Docket No. 18) at 5. The Court of Appeals for the First Circuit has repeatedly refused to infer the existence of promises not expressly articulated in, or necessarily implied from, the plea agreement. *See, e.g., United States v. Atwood,* 963 F.2d 476, 479 (1st Cir.1992); *United States v. Hogan,* 862 F.2d 386, 388 (1st Cir.1988). Laliberte's responses at the Rule 11 hearing further contradict his allegation that there were other promises made by the Government. After the plea agreement was admitted in evidence, Laliberte agreed that those were the terms that he had negotiated. Defendant assured the Court that no one "made any promises to [him] in an effort to induce [him] to tender these guilty pleas." Rule 11 Proceeding Tr. at 22.

Defendant asserts that he was motivated to plead guilty by a desire to cooperate with the Government in an effort to convince the Assistant United States Attorney to file a motion for downward departure. *See* 18 U.S.C. § 3553(e); U.S.S.G. § 5K1.1. Defendant's argument is based on a flawed premise. Absent a provision in the plea agreement, Defendant has no absolute right to earn a motion for downward departure. There are many reasons which might prevent

a defendant, who has every good intention of cooperating substantially and prospectively earning a motion for downward departure, from assisting in cooperative law enforcement efforts, and thus earning a motion for downward departure.

The Court of Appeals for the First Circuit has recently decided a case similar to this one. In *United States v. Doyle,* 981 F.2d 591 (1st Cir.1992), Defendant argued that he was entitled to withdraw his guilty plea because his plea agreement with the Government had been breached. Defendant asserted that media attention, which focused on his case when the Clerk of Court inadvertently failed to seal certain documents, deprived him of the benefit of his cooperation. The Court of Appeals for the First Circuit rejected Defendant's argument, stating that the Defendant's inability to cooperate occurred as a result of the "vagaries of an uncertain world." The court held that "[a] defendant's inability fully to perform his own undertakings, if attributable to a circumstance beyond the prosecution's control, does not constitute a cogent reason for allowing him to withdraw a guilty plea (unless, of course, the plea was expressly conditioned upon nonoccurrence of the event)." *Id.* at 595. In this case, the Court finds that Laliberte's inability to earn a motion for downward departure came about as a result of circumstances beyond the Government's control—namely, this Court's Order. Thus, Defendant's inability to cooperate with the Government does not amount to a valid reason for permitting Defendant to withdraw his guilty pleas.

### Timing

Because the timing of Defendant's attempted plea withdrawal is highly probative of motive, the Court will consider the chronology of events in adjudicating whether retraction is fair and just. A swift change of heart is itself a strong indication that the plea was entered into in haste and confusion. By contrast, if the defendant has delayed his withdrawal motion, it weakens any claim that the plea was entered in confusion or under false pretenses. *See Id.; United States v. Ramos,* 810 F.2d at 313.

As the Court determined, Defendant's proffered reason for seeking to withdraw his plea is that the plea agreement was based on Defendant's mistaken assumption that he was to be guaranteed an opportunity to earn a motion for downward departure. The timing of the instant motion does not support Defendant's reason for seeking to withdraw his guilty pleas. Defendant pleaded guilty on April 27, 1992. This motion was not filed until October 5, 1992, and the possibility of filing said motion was not raised by Defendant until the conference of counsel on September 28, 1992. Thus, more than five months passed from the change of plea to the filing of the motion to withdraw.

Moreover, the Order which put an end to Defendant's active cooperation was filed on May 6, 1992. Defendant neither moved the Court to vacate that Order, nor did he move to withdraw his guilty pleas in the three months following the Court's Order. Indeed, it was the Government which, in August, ultimately filed the motion seeking resumption of Defendant's active participation. On this record, Defendant certainly had the opportunity to file a motion to withdraw if he honestly believed that the plea was entered into under false pretenses. Here, Defendant waited until after the Presentence Report was prepared and circulated to counsel, counsel made their objections to the report, the Probation Officer reviewed the objections and responded to each objection, and the report was filed with the Court.

### Legal Innocence

Although counsel for Defendant has represented to the Court that Defendant informed counsel that he was innocent, see Defendant's Reply to Government's Opposition to Defendant's Motion to Withdraw Guilty Plea (Docket No. 38) at 3, at no time during the proceedings has Defendant asserted his legal innocence to the Court. See United States v. Tilley, 964 F.2d at 73. Without more, counsel's representation is insufficient as a basis for a claim of legal innocence.

### Voluntariness

The most important consideration is whether Defendant voluntarily and intelligently entered into a guilty plea with a full understanding of his rights and the consequences of his plea within the meaning of Rule 11. See United States v. Ramos, 810 F.2d at 312. Laliberte claims that his former counsel coerced him into entering a plea of guilty. See Defendant's Reply to Government's Opposition to Defendant's Motion to Withdraw Guilty Plea (Docket No. 38) at 3. It is clear from the Court's recollection, and the transcript of the change of plea hearing, that this Court complied with the requirements of Rule 11.

In the course of the Rule 11 hearing, Laliberte agreed that he had discussed the case with his counsel. The Court inquired as to the voluntariness of the plea. Laliberte affirmed that he changed his plea because he was guilty of the charges in Counts I and V and for no other reason. Rule 11 Hearing Tr. at 4. Thereafter, the Court confirmed that Defendant understood that he had a right to a jury trial; assistance of counsel, including court appointed counsel; that the Government would be required to prove its case beyond a reasonable doubt; that he had no burden of proof and that he had a right to confront witnesses in open court; that he had a right to object to admission of evidence against him, to offer evidence on his own behalf, to testify or not testify as he chose; and a right to a jury instruction prohibiting the jury from drawing any inference of guilt based upon his not testifying. Id. at 5–7. Laliberte affirmed that he wanted to waive each of these rights. Both Laliberte and his counsel affirmed that the plea agreement which was admitted in evidence was the entire agreement. Id. at 16–18, 22. In addition, the Court stated the charges against Laliberte and the penalties therefor, and the Government made a proffer of evidence the Government would offer to prove the case. Id. at 11–12. The Court determined that Laliberte's plea was voluntary and that Defendant fully understood the consequences of the change of plea. Id. at 23. The transcript of the Rule 11 hearing illustrates that the Court made every effort to ensure that Defendant knew what he was doing when he changed his plea to guilty. There is nothing in the record leading to the conclusion that

the change of plea was not voluntary. Accordingly, the Court finds Laliberte's claim that he was coerced into pleading guilty to be unpersuasive.

The Court finds that none of the *Pellerito* factors favor Defendant's position. Thus, Defendant has failed to meet his burden of demonstrating a "fair and just" reason to withdraw his plea of guilty entered in this case.

Accordingly, Defendant's Motion to Withdraw Guilty Plea is hereby *DENIED*.

*SO ORDERED.*