73 F.3d 364
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Earl TADLOCK, Petitioner-Appellant,
v.
Clarence TRIGG, Respondent-Appellee.
 No. 95-1530.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 11, 1995.*
Decided Dec. 15, 1995.
 
 Before FLAUM, MANION and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 In 1986, Earl Tadlock robbed a 64-year-old woman at gunpoint and then struck her in the back of the neck with a rifle, breaking bones in her neck and rendering her unconscious. Tadlock pled guilty to robbery and was sentenced to 35 years in prison by an Indiana court. The sentence was imposed pursuant to Tadlock's second plea agreement. His first plea agreement, which called for the minimum sentence of 20 years of imprisonment, was rejected by the trial court. Tadlock filed a Sec. 2254 petition alleging that his due process rights were violated because the prosecutor failed to recommend the initial plea agreement to the trial court. The district court denied the petition, and Tadlock appeals.
 
 
 2
 Tadlock negotiated his first plea agreement with Chief Deputy Prosecutor Terry Maurer. The court held an initial hearing regarding the change of plea, where Tadlock waived his right to a trial and the production of a presentence report was ordered. Following the production of the presentence report, a sentencing hearing was held. At the sentencing hearing, the court indicated that, in light of the presentence report, it "may be inclined not to accept the plea agreement." I State R. at 169. After the defense attorney spoke in favor of the agreement, the court asked the prosecutor to comment. Because a new county prosecutor had taken office, the state of Indiana was represented not by Maurer but by a different prosecuting attorney: Daniel Steiner. Steiner stated that he was "not in [a] position at this time to say whether the present office of the prosecuting attorney ... has a pro or a con position regarding this particular agreement." State R. at 179. Steiner asked for a continuance to allow him to review the case file, which the court granted.
 
 
 3
 At the continued hearing, the court asked the state (represented by Mr. Steiner) "if there would be prejudice to the State if the court rejected the plea agreement." Steiner replied that "I don't believe there is a compelling reason that we would absolutely have to have entered into this agreement or that the court could not reject it and that the State would not be unduly prejudiced if the court rejected the plea agreement." State R. at 184. The court then rejected the agreement.
 
 
 4
 Tadlock argues that Steiner's statements constituted a breach of his duty to recommend the first plea agreement to the court. The Indiana courts rejected this argument in Tadlock's state post-conviction proceedings, holding that the prosecutor fulfilled his duty by submitting the plea agreement to the court for consideration. R. 11, Indiana Appellate Court decision at 5.[1] Tadlock argues, however, that the prosecutor had an affirmative duty to recommend the agreement to the trial court and that he failed to do so.
 
 
 5
 The prosecutor is bound by the terms of the plea agreement and may not make a recommendation contrary to the agreement. See Santobello v. New York, 404 U.S. 257, 262-63 (1971). Although the prosecutor has no duty to make his recommendation "enthusiastically" or to clearly explain to the court the reasons that the state entered into the agreement, United States v. Benchimol, 471 U.S. 453, 456 (1985),[2] he may not undermine the plea agreement by expressing personal reservations about the bargain. See United States v. Clark, 55 F.3d 9, 12-13 (1st Cir.1995); United States v. Canada, 960 F.2d 263, 269 (1st Cir.1992); United States v. Grandinetti, 564 F.2d 723, 725 (5th Cir.1977); United States v. Brown, 500 F.2d 375, 377 (4th Cir.1974).
 
 
 6
 In the instant case, the prosecutor's statements did not undermine the plea agreement. Although the prosecutor made no statements in support of the plea, he did not seek to withdraw the agreement or express any personal reservations about the deal. Rather, in response to a direct question from the judge, the prosecutor said that the state would not be unduly prejudiced if the plea bargain were rejected. This statement was not "tantamount to an argument" that the plea agreement should be rejected. Cf. United States v. Jimenez, 992 F.2d 131, 135 (7th Cir.1993). Even a half-hearted or lukewarm recommendation does not violate a defendant's rights so long as the prosecutor does not attempt an "end-run" around the plea agreement by being critical of its terms or expressing doubts about the propriety of the bargain. See id.; United States v. Griffin, 816 F.2d 1, 7 n. 2 (D.C.Cir.1987); United States v. Ramos, 810 F.2d 308, 313-14 (1st Cir.1987). In the instant case, the prosecutor simply informed the court that the state was prepared to go to trial and would not be prejudiced if the plea agreement were rejected. This comment did not violate Tadlock's due process rights. Accordingly, the judgment of the district court is
 
 
 7
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [1]
 In addition, the Pike County Circuit Court found that "the State of Indiana at no time asked the Court to withdraw the tendered Plea Agreement but that the Court rejected the Plea Agreement after review of the pre-sentence investigation report and testimony of the victim." State R. at 161
 
 
 [2]
 The plea agreement, of course, may state that the prosecutor will recommend the agreement enthusiastically or clearly explain the reasons for the agreement, in which case the prosecution would be bound to these terms. See id. at 455