94 F.3d 640
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES, Appellee,
v.
Amador IRIZARRY-SANABRIA, Defendant-Appellant.
 No. 95-1236.
 United States Court of Appeals, First Circuit.
 Aug. 22, 1996.
 
 J. Michael McGuinness, by Appointment of the Court, for appellant.
 Jose A. Quiles-Espinosa, Senior Litigation Counsel, with whom Guillermo Gil, United States Attorney, and Nelson Perez-Sosa, Assistant United States Attorney, were on brief for appellee.
 Before TORRUELLA, Chief Judge, BOUDIN and STAHL, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant-Appellant Amador Irizarry-Sanabria pled guilty to conspiracy to import marijuana into the United States, in violation of 21 U.S.C. §§ 952 & 963. For the reasons stated herein, we affirm.
 
 BACKGROUND
 
 2
 Irizarry-Sanabria was indicted in March of 1993 and pled not guilty at his arraignment. His motion to dismiss on double jeopardy grounds, premised on a previous conviction of conspiracy to import marijuana,[1] was denied. In October 1993, Irizarry-Sanabria entered a change of plea to guilty pursuant to a plea agreement. In December 1993, he filed a pro se motion seeking a withdrawal of that plea; his counsel filed a motion in support of the pro se motion and memorandum of law in February 1994. The district court denied the motion to withdraw plea, without an evidentiary hearing. Irizarry-Sanabria was sentenced to 121 months imprisonment.
 
 DISCUSSION
 A. Motion to Withdraw Guilty Plea
 
 3
 We review the court's refusal of Irizarry-Sanabria's motion to withdraw his guilty plea, made prior to sentencing, for abuse of discretion. See United States v. Tilley, 964 F.2d 66, 72 (1st Cir.1992). To prevail, Irizarry-Sanabria must persuade the court that he has shown a "fair and just reason" for his request. Fed.R.Crim.P. 32(e). We follow an established test:
 
 
 4
 A court must consider several factors in weighing whether a defendant meets this burden, the most significant of which is whether the plea was knowing, voluntary and intelligent within the meaning of [Federal Rule of Criminal Procedure] 11. The other factors include: 1) the force and plausibility of the proffered reason; 2) the timing of the request; 3) whether the defendant has asserted his legal innocence; and 4) whether the parties had reached a plea agreement.
 
 
 5
 United States v. Isom, 85 F.3d 831, 834 (1st Cir.1996) (quoting United States v. Cotal-Crespo, 47 F.3d 1, 3-4 (1st Cir.), cert. denied, --- U.S. ----, 116 S.Ct. 94 (1995) (citation omitted)). If defendant meets the rigors of this test, we evaluate whether the government will suffer any demonstrable prejudice. See id.
 
 
 6
 First, we find, and counsel for defendant admitted at oral argument, that the Rule 11 plea colloquy was thorough and comprehensive. Irizarry-Sanabria argues that his plea was nonetheless not knowing, voluntary and intelligent because it was made under duress, due to the pressure of his attorney. However, during the colloquy, Irizarry-Sanabria denied that he had been coerced to accept the plea bargain, acknowledged that he had discussed its terms with counsel, and affirmed that he was satisfied with his legal representation. "Such statements in open court during a plea hearing 'carry a strong presumption of verity.' " United States v. Martinez-Molina, 64 F.3d 719, 733 (1st Cir.1995) (quoting Blackledge v. Allison, 431 U.S. 63, 74 (1977)). The pro se motion offers nothing more than a conclusory statement that the plea was "made under duress, due to the urgency and pressure of all the [co-defendants'] attorneys of this case," including Irizarry-Sanabria's counsel. In denying the motion, the district court noted that Irizarry-Sanabria was informed at the change of plea hearing that he could proceed to trial that same day if he chose, and commented that he was "alert, calm, confident and knowledgeable of his rights," and "never showed any hesitancy or reservation about his desire to plead guilty." Order at 6. In these circumstances, where we have a thorough, comprehensive Rule 11 colloquy on one hand, and a naked conclusory claim of duress unsupported by any allegations of fact on the other, we find that Irizarry-Sanabria's eleventh-hour claim of duress lacks merit, and accordingly find that his plea was made knowingly, voluntarily and intelligently within the meaning of Rule 11.
 
 
 7
 Our second factor weighs the force and plausibility of the proffered reasons. We have already weighed the duress claim; we briefly examine Irizarry-Sanabria's other asserted reasons. First, Irizarry-Sanabria claims he is innocent, and that he could prove it, without specifying anything regarding the nature of such proof. At the same time, during the change of plea hearing he corrected the court's account of the events of the conspiracy several times, clarifying what his participation had been. In such circumstances, we find that the district court did not abuse its discretion by "refusing to give weight to a self-serving, unsupported claim of innocence." United States v. Ramos, 810 F.2d 308, 313 (1st Cir.1987) (finding that defendant's claim of innocence lacked merit where he did not assert innocence at change of plea hearing and did not substantiate his claim of exculpatory evidence); see Isom, 85 F.2d at 837 (rejecting defendant's pro se motion asserting innocence where no information was provided regarding alleged exculpatory evidence, and defendant provided specific information regarding the events of the crime at Rule 11 hearing).
 
 
 8
 Second, Irizarry-Sanabria's claim that he did not have access to the files on the case gives us little pause, given the thoroughness of the Rule 11 hearing and the fact that Irizarry-Sanabria does not offer any indication of what he expects to find in the files, or what prejudice he has suffered. Similarly, his claim that his requests for legal assistance "in this matter"--presumably, his motion and claim of innocence and duress--had been to no avail is unconvincing, as his attorney followed up the pro se motion with a motion in support and memorandum of law.
 
 
 9
 As for the timing of the motion, almost two months elapsed between the change of plea hearing on October 21, 1993, and Irizarry-Sanabria's pro se motion of December 15, 1993. We have previously found that such a delay weighs against defendant's position.[2] See, e.g., Isom, 85 F.3d at 839 (two-month delay); United States v. Pellerito, 878 F.2d 1535, 1541 (1st Cir.1989) (eight week delay); United States v. Crosby, 714 F.2d 185, 192 (1st Cir.1983) (eight week delay), cert. denied, 464 U.S. 1045 (1984).
 
 
 10
 As for the final two factors, we note, first, that Irizarry-Sanabria has claimed his innocence. Nonetheless, "the mere protestation of legal innocence cannot in and of itself be issue-determinative." United States v. Kobrosky, 711 F.2d 449, 455 (1st Cir.1983). Second, the parties reached a plea agreement, which neither alleges has been broken.
 
 
 11
 As our analysis of all the factors weighs heavily in favor of the district court's decision, we need not address whether granting the motion would result in prejudice to the government before affirming the decision below.
 
 
 12
 Irizarry-Sanabria asserts that the district court erred in denying him an evidentiary hearing to factually bolster his claims. However, we note that
 
 
 13
 evidentiary hearings on motions are the exception, not the rule. We have repeatedly stated that, even in the criminal context, a defendant is not entitled as of right to an evidentiary hearing on a pretrial or posttrial motion. Thus, a party seeking an evidentiary hearing must carry a fairly heavy burden of demonstrating a need for special treatment.
 
 
 14
 United States v. McGill, 11 F.3d 223, 225 (1st Cir.1993) (citations omitted). Irizarry-Sanabria's naked conclusory statements offer us no basis for finding that the district court abused its discretion in not holding an evidentiary hearing on his claims. See, e.g., Ramos, 810 F.2d at 314; Kobrosky, 711 F.2d at 457; see also Isom, 85 F.3d at 838 (collecting cases).
 
 
 15
 On appeal, counsel for defendant argues that "most individuals" are too intimidated by the circumstances of a Rule 11 plea colloquy to stop and tell the court that they have been coerced into pleading guilty. Such generalizations do not persuade us that the district court abused its discretion in making its decision--a decision "facilitated because the judge has overseen pretrial proceedings, conducted the Rule 11 inquiries, accepted the original guilty plea, and heard at first hand the reasons bearing upon its withdrawal." Pellerito, 878 F.2d at 1538. Indeed, the fact that during the Rule 11 colloquy Irizarry-Sanabria corrected the court's account of the events on several points belies the image of a timid defendant.
 
 
 16
 We are given more pause by appellant's contention, made at oral argument, that a potential conflict arises because the counsel who Irizarry-Sanabria alleges put him under duress also helped him litigate the motion for withdrawal of his guilty plea. However, in this circumstance, where we have a complete and detailed plea colloquy, a detailed order denying the motion, and only the most sparse allegations on the part of Irizarry-Sanabria, we cannot find that the district court abused its discretion, even taking into account the pro se nature of Irizarry-Sanabria's motion.
 
 B. Double Jeopardy Claims
 
 17
 Irizarry-Sanabria next argues that the district court erred in failing to dismiss the indictment against him because he had previously been found guilty in a case involving the same conspiracy. He alleges that the indictment in this case amounts to prosecuting a single conspiracy as two separate conspiracies, in violation of his double jeopardy guarantee. However, we find that under Local Rule 510.2 of the District of Puerto Rico, he has waived this argument by failing to object to the magistrate judge's report and recommendation in writing within ten days, as the report and recommendation warned. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir.1986) (after proper notice, failure to file a specific objection to magistrate's report will waive the right to appeal); see, e.g., Henley Drilling Co. v. McGee, 36 F.3d 143, 151 (1st Cir.1994); Borden v. Secretary of Health and Human Services, 836 F.2d 4, 6 (1st Cir.1987).
 
 
 18
 Although we acknowledge an appellate court's discretion to excuse waiver "in the interests of justice," see Thomas v. Arn, 474 U.S. 140, 155 & n. 15 (1986), in this case we find no basis for such action because we conclude that Irizarry-Sanabria's arguments likely would not prevail on the merits. We weigh five factors in determining whether two charged conspiracy are actually one for double jeopardy purposes: the timing; the personnel; the locations involved; the evidence used; and whether the same statutes were implicated. See United States v. Gomez-Pabon, 911 F.2d 847, 860 (1st Cir.1990), cert. denied, 498 U.S. 1074 (1991). The only facts Irizarry-Sanabria points to in arguing that there are two distinct conspiracies here are that they both involve the same amount of marijuana, and that they occurred within several weeks of each other. However, given that it was not the same shipment of marijuana, that it was not the same Colombian supplier, that the only common participants were the defendant and a confidential informant Irizarry-Sanabria introduced to his co-conspirators, and that the importation route was different, see Andujar, 49 F.3d at 18-19 (setting out facts), we are hard pressed to see how these two conspiracies would be viewed as one.
 
 C. Other Claims
 
 19
 Irizarry-Sanabria also alleges that the government should have been collaterally estopped from relitigating these issues. However, he does not specify what ultimate fact he contends has been resolved in his favor. Similarly, he argues that his substantive due process rights were violated by prosecution for conduct that he was already convicted of, and that the totality of the trial court's errors and the cumulative effect thereof constituted prejudicial error, depriving him of his due process, both without pointing to any error. To the extent that these arguments have not already been deemed waived under our double jeopardy holding, we now find them waived, as "[i]t is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones." United States v. Zannino, 895 F.2d 1, 17 (1st Cir.), cert. denied, 494 U.S. 1082 (1990); see, e.g., Damon v. Sun Co., 87 F.3d 1467, 1485 (1st Cir.1996).
 
 CONCLUSION
 
 20
 For the reasons presented above, the decision of the district court is affirmed.
 
 
 
 [1]
 His conviction for the first conspiracy was affirmed by this court in United States v. Andujar, 49 F.3d 16 (1st Cir.1995)
 
 
 [2]
 Appellant argues that this measure ignores the fact that Irizarry-Sanabria's change of heart undoubtedly occurred at some time prior to the date of service. Nonetheless, in such cases we take as our measure the date of the motion to withdraw the plea, regardless of when the defendant's subjective decision was actually made. See Isom, 85 F.3d at 838-39 (collecting cases)