UNITED STATES, Appellee,

v.

Michael J. AUSTIN, Defendant,
Appellant.

UNITED STATES, Appellant,

v.

Michael J. AUSTIN, Defendant, Appellee.

Nos. 91–1245, 91–1252.

United States Court of Appeals,
First Circuit.

Heard Aug. 2, 1991.

Decided Oct. 8, 1991.

Robert M. Napolitano, for Michael J. Austin.

Margaret D. McGaughey, Asst. U.S. Atty., with whom Richard S. Cohen, U.S. Atty., and Nicholas M. Gess, Asst. U.S. Atty., on brief for U.S.

Before TORRUELLA, Circuit Judge, HILL,* Senior Circuit Judge, and SELYA, Circuit Judge.

HILL, Senior Circuit Judge.

On the eve of trial on a six count drug indictment, Appellant entered guilty pleas to all the charges. Appellant subsequently brought a motion to withdraw those guilty pleas, which was denied by the district court after a full evidentiary hearing on the motion. The district court found that the Appellant had committed perjury at this hearing. At the sentencing hearing, the district court denied Appellant's request for a two point reduction to Appellant's base offense level under Federal Sentencing Guidelines for acceptance of responsibility.

Appellant appeals from the district court ruling denying his plea withdrawal and refusal to grant the two point offense level reduction. He asserts that (1) the district judge abused his discretion in finding that Appellant was not hampered in his decision to plead guilty by ineffective assistance of counsel and (2) the district judge erred in refusing to grant a two point offense level reduction.

Appellee United States cross appeals, asserting that, upon the finding of perjured testimony by Appellant, the district court judge was required by Federal Sentencing Guidelines to impose a two point enhancement to the base offense level for obstruction of justice.

We hold that Appellant's claim of error is without merit and affirm the district court's denial of the plea withdrawal. We affirm the district court's denial of a two

* Of the Eleventh Circuit, sitting by designation.

point offense level reduction and hold that, upon finding that the Appellant perjured himself before the district court, Federal Sentencing Guidelines mandates a two point enhancement for obstruction of justice. We remand for resentencing.

## I. BACKGROUND

Appellant was charged in a grand jury indictment with six counts of drug trafficking offenses involving substantial amounts of cocaine. The day before the case was scheduled to proceed with jury selection and trial, the Appellant appeared before the district court and tendered a plea of guilty to each count of the indictment in an extensive and thorough Rule 11 hearing. No plea arrangement with the government existed. At the Rule 11 hearing, Appellant stated he was satisfied with counsel, had adequate opportunity to discuss the charges against him with counsel, understood his right not to plead guilty, and comprehended the full impact of his guilty pleas. Eighteen days later, the Appellant filed a Fed.R.Crim.Pro. 32(d) motion to Withdraw Pleas of Guilty, signed by newly retained counsel. The gravamen of Appellant's motion was that his guilty pleas were not voluntarily entered because, in recommending the guilty pleas at the eleventh hour before trial, previous counsel had afforded Appellant too little time to consider whether a guilty plea was appropriate and that, in essence, the guilty pleas were not informed ones. *See United States v. Austin,* 743 F.Supp. 72, 77 (D.Me.1990). A full evidentiary hearing on the motion to withdraw was held and after hearing testimony from both Appellant and his previous counsel the district court ruled Appellant's tendering of the guilty pleas was "a knowing and voluntary surrender of [Appellant's] right to a trial based upon his receipt of competent advice from his retained counsel." *Id.* at 79. *See Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (cited as controlling in Rule 32(d) motions in *United States v. Ramos,* 810 F.2d 308, 314 (1st Cir.1987)). Finding no evidence of deficiency or lack of diligence on the part of Appellant's counsel, the district court denied Appellant's motion. It is from that ruling that Appellant brings his first appeal.

## II. APPELLATE JURISDICTION

■ As a preliminary matter, we rule that this inquiry is properly before us. In the vast majority of ineffective assistance of counsel claims sought to be brought on direct appeal after completion of a trial on the merits, no record exists for the appellate court to examine in assessing the validity of the claim. In those situations, we have consistently held that the proper route for such a claim is in a collateral proceeding in the district court pursuant to 28 U.S.C. § 2255. *See United States v. Caggiano,* 899 F.2d 99, 100 (1st Cir.1990); *United States v. Hoyos–Medina,* 878 F.2d 21, 22 (1st Cir.1989). In a collateral proceeding, a full evidentiary hearing may be held and a full record developed. We refuse to hear the matter for the first time on appeal. Fairness to the parties and judicial economy both warrant that, absent extraordinary circumstances, an appellate court will not consider an ineffective assistance claim where no endeavor was first made to determine the claim at the district level. *United States v. Hoyos–Medina,* 878 F.2d at 22; *United States v. Carter,* 815 F.2d 827, 829 (1st Cir.1987); *see United States v. Hart,* 933 F.2d 80, 82 (1st Cir. 1991).

■ In the case before us, however, the Appellant's claim is confined to matters found in the record and can be determined without the need for additional fact finding. The issue of adequacy *vel non* of defense counsel was placed directly before the district court. The asserted ground for the plea was ineffective assistance. In order to decide the motion to withdraw the plea, the district court held a full evidentiary hearing and made findings of fact. Consequently, the issue is properly before us on appeal and will be heard. *See United States v. Caggiano,* 899 F.2d at 10; *Brien v. United States,* 695 F.2d 10, 13 (1st Cir. 1982).

### III. APPELLANT'S CLAIM OF DISCRETIONARY ABUSE

#### A. Plea Withdrawal

 Once a guilty plea has been entered, a defendant has no absolute right to withdraw that plea. *United States v. Buckley*, 847 F.2d 991, 998 (1st Cir.1988), *cert. denied*, 488 U.S. 1015, 109 S.Ct. 808, 102 L.Ed.2d 798 (1989); *United States v. Kobrosky*, 711 F.2d 449, 454 (1st Cir.1983). Where a motion to withdraw is brought prior to sentencing, the district court should allow it only if there is a "fair and just reason" for doing so. Fed.R.Crim.Pro. 32(d); *United States v. Buckley*, 847 F.2d at 998. In making this determination, a number of factors are to be considered, most importantly whether the defendant's guilty plea can, in light of the tendered reason for withdrawal, still be considered a voluntary and intelligent relinquishment of a known right and otherwise in conformity with Fed.R.Crim.Pro. 11. *See United States v. Pellerito*, 878 F.2d 1535, 1537 (1st Cir.1989); *United States v. Buckley*, 847 F.2d at 79–80.

#### B. Ineffective Assistance

 The crux of Appellant's original motion and present appeal rests on the contention that his pleas were not voluntarily entered because defense counsel, at the eleventh hour before trial, conceded no viable defense existed to the government's charges and recommended guilty pleas.[1] Appellant claims he was afforded too little time to consider whether to plead guilty. Implicit in the Appellant's claim is the assertion that he would not have given up his right to a trial had he had more time to consider counsel's recommendation on entry of the guilty pleas. The district court correctly posited the inquiry before it as determining whether counsel's performance in advising guilty pleas fell below the standard of performance of reasonable proficient counsel and whether, by such inadequate performance, Appellant was induced to enter guilty pleas which he otherwise would not have entered. *United States v. Austin*, 743 F.Supp. at 78; *see United States v. Pellerito*, 878 F.2d at 1537–38 (*citing Hill v. Lockhart*, 474 U.S. 52, 57–59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985)).

#### C. Appellate Review

 Where ineffective assistance claims are properly before them, and the correct legal rule has been applied, appellate courts should accord high deference to the district court's ruling on the issue. *United States v. Pellerito*, 878 F.2d at 1538. The district court judge views the inquiry from a particularly strong vantage point, having overseen pretrial proceedings, conducted Rule 11 inquiries, accepted the original guilty pleas and heard first hand evidence on whether it should be withdrawn. Appellate courts ought ordinarily defer to these decisions made by the district court "on the front lines." *Id.* at 1538. Other than for clear errors in subsidiary fact finding, the trial judge's refusal to allow a guilty plea withdrawal will be disturbed on appeal only for demonstrable abuse of discretion. *Id.* at 1538; *see United States v. Buckley*, 847 F.2d at 998.

 We find no clear error or discretionary abuse in the district court ruling. The Appellant's contention that counsel was somehow inefficient because he continued searching for potential defenses right up to the eve of trial is without merit. Examination of the carefully considered opinion of the district court and the record reveal no errors in the fact finding process. The

---

1. Appellant also asserts that counsel's failure to file a trial brief on time adversely impacted upon the effectiveness of representation. While we agree that counsel's preparation for the case might have been more timely and do not condone failure to comply with local filing rules, the failure to file a trial brief had no impact on the Appellant's state of mind at the time he considered his guilty pleas. There is no indication the Appellant was even aware the brief had not been filed at the time he entered his pleas. *See United States v. Austin*, 743 F.Supp. at 77 n. 7. Given counsel's ultimate conclusion that Appellant had no viable defense and Appellant's acceptance of guilt, the Appellant may have been well served by the failure to file a trial brief as the brief would have revealed at an early stage no defense to the drug charges existed.

Appellant conceded to the district court that the government's version of the case was substantially true and did not assert a claim of legal innocence or suggest the existence of any meritorious defenses. Appellant understood and accepted his attorney's advice to plead guilty. He was free to choose more time to decide how to plead and there is no evidence of duress, threats or harassment. No evidence has been offered which proves that reasonably proficient counsel would have concluded there was no viable defense and recommended a guilty plea sooner than retained counsel. Appellant may have, in retrospect, been unhappy with his decision to plead guilty, but that is not grounds for allowing a plea withdrawal. We are satisfied that the district court took the requisite steps in discovering and evaluating the facts necessary to determine Appellant's motion. Appellant offers no evidence of clear error in that fact finding process. The district court was fully satisfied, as are we, that Appellant's decision to enter guilty pleas was a knowing and voluntary surrender of his known right to a trial based upon competent advice from his retained counsel.

■ Regarding the Appellant's claim of discretionary abuse at the district level, we have repeatedly found no abuse of discretion in denial of Fed.R.Crim.Pro. 32(d) motions where Rule 11 procedures were assiduously followed. *United States v. Ramos*, 810 F.2d 308, 312 (1st Cir.1987); *United States v. Crosby*, 714 F.2d 185, 192 (1st Cir.1983). Strict compliance with Rule 11 is quite often dispositive in determining whether a defendant has knowingly and voluntarily entered a guilty plea. Such compliance ensures that guilty pleas be-

come part of the record; that the reviewing court confirms the voluntariness of the plea; that defendant understands the rights and consequences surrounding the plea; that the court determines that a factual basis exists for the plea; and that the defendant understands all these matters. *See United States v. Ramos*, 810 F.2d at 313. After examining the record, we find no deficiency in the Rule 11 hearing nor is any evidence of such offered by Appellant. No other evidence of discretionary abuse exists in the district court's ruling.[2] No basis exists upon which Appellant can contend that there was a defect in the Rule 11 proceeding or that his guilty pleas were anything other than the product of his own free will and voluntary decision at the time of the Rule 11 proceeding. Accordingly, the district court ruling denying Appellant's motion to Withdraw Pleas of Guilty pursuant to Fed.R.Crim.Pro. 32(d) is AFFIRMED.

## IV. SENTENCING REDUCTION

■ At the sentencing hearing, the district court denied Appellant's request for a two point base offense level reduction under Federal Sentencing Guidelines § 3E1.1.[3] Appellant claimed he was entitled to the reduction because he had confessed to his crimes, thus accepting personal responsibility. However, § 3E1.1 applies to defendants who "clearly demonstrates a recognition and affirmative acceptance of personal responsibility" for criminal conduct[4] and does not apply "as a matter of right" to all defendants who enter guilty pleas.[5] The sentencing judge commented on the number of occasions upon which he had observed the Appellant

---

**2.** No evidence is offered by the Appellant of a material factor worthy of significant weight having been ignored by the district court, or of an improper factor having been relied upon. *See Independent Oil & Chemical Workers v. Procter & Gamble Mfg. Co.*, 864 F.2d 927, 929 (1st Cir.1988).

**3.** Federal Sentencing Guidelines § 3E1.1 provides:

*Acceptance of Responsibility*
(a) If the defendant clearly demonstrates a recognition and affirmative acceptance of per-

sonal responsibility for his criminal conduct, reduce the offense level by 2 levels.
(b) A defendant may be given consideration under this section without regard to whether his conviction is based upon a guilty plea or a finding of guilt by the court or jury or the practical certainty of conviction at trial.
(c) A defendant who enters a guilty plea is not entitled to a sentencing reduction under this section as a matter of right.
U.S.S.G. § 3E1.1 (1990).

**4.** U.S.S.G. § 3E1.1(a) (1990).

**5.** U.S.S.G. § 3E1.1.

and remained unconvinced the Appellant held any remorse whatever regarding his crimes, much less accepted meaningful responsibility for the significance of his crimes. The district court judge was fully satisfied of the appropriateness of denying the Appellant's request for a two point offense level reduction.

The official comment to Federal Sentencing Guideline § 3E1.1 provides:

> "The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review."[6]

Because we accord this deference and because we find Appellant's claim of a clear demonstration of acceptance of responsibility incompatible with the fact that he lied under oath during the Fed.R.Crim.Pro. 32(d) hearing, we AFFIRM the district court's denial of the two point offense level reduction.

## V. SENTENCING ENHANCEMENT

At sentencing, the district court held that Appellant had intentionally testified untruthfully at the Fed.R.Crim.Pro. 32(d) hearing. Specifically, the district court found the testimony to constitute perjury and an unsuccessful attempt to obstruct justice. Yet the district court judge concluded the Appellant was not subject to a two point offense level enhancement pursuant to Federal Sentencing Guidelines § 3C1.1 for obstructing or impeding the administration of justice.[7] The district judge gave two reasons for deciding not to impose the offense level enhancement. First, the perjury was committed before a judge, not a jury. The district judge conceded that, had the perjury been sworn before a jury, he would have no compunction against imposing the enhancement. Second, the perjury was, in the judge's

view, a hopelessly transparent, naive and misguided effort to mislead the court which stood no chance of success before the judge. Because the district court judge viewed the perjured testimony to be foolish and abortive from start to finish, he declined imposition of the Federal Guidelines § 3C1.1 enhancement.

The district judge ought, on occasion, be allowed to exercise discretion in sentencing. However, where a defendant perjures himself before the court, the court is without discretion in imposing the two point base offense level enhancement found in Federal Sentencing Guidelines § 3C1.1. The official commentary to § 3C1.1 includes a non-exclusive listing of the types of conduct to which the enhancement applies. Included within the listing is "committing, suborning, or attempting to suborn perjury."[8] The official comment does not grant discretionary powers in determining whether to enhance the offense level once perjury is attempted or committed. Once the district court found that the Appellant's testimony was intentionally untrue and constituted perjury, the court was mandated by Federal Sentencing Guidelines to impose the § 3C1.1 two level enhancement.

The district court judge's dual bases for not imposing the enhancement despite the specific finding of perjury—that the testimony was given before a judge rather than a jury and was hopelessly naive, misguided and transparent from start to finish—are not grounds for denying the enhancement. We defer to the district court's determination of Appellant's credibility based on first hand observation, *see United States v. Batista–Polanco*, 927 F.2d 14, 22 (1st Cir.1991), but we cannot affirm the district court's reasoning for refusing to impose the enhancement.

---

6. U.S.S.G. § 3E1.1, commentary, note 5 (1990).

7. Federal Sentencing Guideline § 3C1.1 states:
 *Obstructing or Impeding the Administration of Justice*
 If the defendant willfully obstructed or impeded, or attempted to obstruct or impeded, the administration of justice during the investigation, prosecution, or sentencing of the instant offense, increase the offense level by two levels.
 U.S.S.G. § 3C1.1.

8. U.S.S.G. § 3C1.1, commentary at 3(b) (1990).

That the perjured testimony was "hopelessly transparent, naive [and] misguided" is inadequate grounds for refusing the enhancement as the plain language of the sentencing guidelines commentary states the enhancement applies to "*. . . attempts to* suborn perjury"[9] as well as actual commissions of perjury. We would hope that *all* attempts at perjury were hopelessly misguided and unsuccessful and hold that the perjury need not be, or be likely to be, successful in order to warrant the enhancement.[10]

The fact that the perjured testimony was given before a judge rather than a jury is likewise inadequate grounds for denying the enhancement. We have upheld the § 3C1.1 enhancement where perjured testimony was given before a judge, *see United States v. Batista–Polanco,* 927 F.2d at 17 (1st Cir.1991), and will not distinguish application of § 3C1.1 on the basis of whether the defendant perjures himself before the judge or jury. The distinction finds no support in either the official commentary to § 3C1.1 or case law. To sanction the distinction here would send the message to defendants that they need have less concern for the consequences of the oath when testifying before a judge than they do when testifying before a jury. The aim of § 3C1.1, and the aim of the oath itself, is to ensure judicial integrity by promoting truthfulness in all proceedings, not just those where a jury is involved. Thus, we also find the second basis of the district court sentencing decision inadequate grounds for denying the enhancement.

In conclusion, we hold that, upon finding Appellant had perjured himself during the Fed.R.Crim.Pro. 32(d) hearing, the district court was, without discretion, mandated to enhance the Appellant's base offense level by two levels as prescribed by Federal Sentencing Guidelines § 3C1.1. The offense level enhancement applies to unsuccessful and foolish attempts as well as the more savvy attempts at perjury. The enhancement applies regardless of whether the perjury was attempted before a judge or jury.

## VI. JUDGMENT

We AFFIRM the judgment of the district court denying the motion to withdraw the guilty plea.

We AFFIRM the decision of the district court denying the two point offense level reduction.

Because we find that the district court erred in not enhancing the base offense level by two levels, we VACATE the sentence and REMAND for re-sentencing.

*Affirmed in part; vacated and remanded in part.*

---

**9.** U.S.S.G. § 3C1.1, commentary at 3(b) (1990).

**10.** To hold otherwise, that the enhancement applies only to successful attempts at perjury, makes no sense. How would a sentencing court know whether perjury had been committed if the false testimony were not discovered? One other court has ruled the § 3C1.1 Sentencing Enhancement is mandatory where the defendant lied "openly, continuously [and] *ridiculously*." *United States v. Alvarez,* 927 F.2d 300, 303 (7th Cir.1991). We have recently upheld the § 3C1.1 enhancement where the district court found the defendant had perjured himself in testifying to a "self-serving cock and bull story." *United States v. Akitoye,* 923 F.2d 221, 228 (1st Cir.1991). Another court has ruled that the attempt at obstruction need not be successful to warrant the increase. *See United States v. Yerks,* 918 F.2d 1371, 1375 (8th Cir.1990); *United States v. Blackman,* 904 F.2d 1250, 1259 (8th Cir.1990).