**UNITED STATES, Appellee,**

v.

**Paul DESMARAIS, Defendant, Appellant.**

**No. 91–2006.**

United States Court of Appeals, First Circuit.

Argued May 8, 1992.

Decided June 18, 1992.

Rehearing Denied Aug. 26, 1992.

Thomas G. Murray, Springfield, Mass., by appointment of the Court, for defendant, appellant.

Carolyn Stafford Stein, Asst. U.S. Atty., with whom Wayne A. Budd, U.S. Atty., Boston, Mass., was on brief for appellee.

Before BREYER, Chief Judge, CYR, Circuit Judge, and FUSTE,* District Judge.

BREYER, Chief Judge.

On September 4, 1990, the appellant, Paul Desmarais, entered a guilty plea to a charge of unlawful gun possession. 18 U.S.C. § 922(g)(1) (forbidding a previously convicted felon from possessing a gun). In late February 1991, after the district court appointed new counsel to represent Desmarais, he filed a motion to withdraw his guilty plea. A month later, the court denied the motion. And, about six months after that, the court sentenced Desmarais to a prison term of fifteen years, the mandatory minimum prison term for those with

* Of the District of Puerto Rico, sitting by designa-

three previous "violent felony" convictions. 18 U.S.C. § 924(e). Desmarais appeals his conviction and his sentence.

## I

### *The Conviction*

■ Desmarais asks us to set aside his conviction on the basis of Fed.R.Crim.P. 32(d), which says,

> If a motion for withdrawal of a plea of guilty ... is made before sentence is imposed, the court *may permit withdrawal* of the plea *upon a showing* by the defendant *of any fair and just reason.* (Emphasis added).

Desmarais claims that he possesses such a "fair and just reason" for his withdrawal motion. He states that he agreed to plead guilty only in order to obtain the statutorily mandated minimum sentence of 15 years in prison, *see* 18 U.S.C. § 924(e), and that he acted specifically upon his counsel's erroneous advice that a trial would result in a higher sentence. According to Desmarais, a minimally competent counsel would have known that such advice was inaccurate; indeed, the district court, itself, admitted at the plea withdrawal hearing that "there was as a practical matter no significant likelihood that after trial of this case the court would have imposed a sentence greater than fifteen years." From these facts, Desmarais concludes that his counsel's inadequate advice about punishment constitutes a reason so "fair and just" for permitting a plea withdrawal, that the law not only permitted, but *required,* the district court to grant his Rule 32(d) motion.

We do not find Desmarais' argument persuasive. For one thing, the record suggests that Desmarais' expectation of a significantly lower sentence was not the linchpin of his guilty plea. True, when Desmarais pleaded guilty, he indicated that his counsel had said that, if the case went to trial, "the D.A.'s going to ask for more than 15 [years]." But, the court replied that what mattered was not what the prosecutor recommended, but "what I might do," and, given Sentencing Guideline constraints, "I'm not so sure she can recom-

tion.

mend above 15 years." The court then asked,

Q. And even though she might not be able to recommend more than 15 years, do you still want to plead guilty?

A. Yeah.

Q. Why?

A. Because I just want to get it over with.

Q. So rather than the risk, with the likelihood that you're going to have to do 15 years, you would just as soon face up to that?

A. Yeah. Because it's a deadlock. They got all the evidence they need. They're going to find me guilty, you know, and I'm going to get smoked. That's the way I see it. You know, either way I get smoked.

Q. Well, by getting smoked—

A. If I plead guilty I get 15 or more. If I don't plead guilty, they find me guilty, I get 15 or more. That's the way I see it, you know.

Desmarais' assessment of the evidence seems accurate. Two government agents would have testified that they paid him $300 for a rifle and a shotgun. And, this colloquy, like the rest of the record, indicates that Desmarais pleaded guilty primarily because he wanted to "get it over with," not because he hoped for a sentencing advantage of great significance.

For another thing, the record indicates that counsel made Desmarais aware that a guilty plea might indeed bring with it two minor sentencing benefits, namely that the prosecutor would, first, forgo the right to ask for a federal sentence longer than fifteen years and, second, ask for the sentence to run concurrently with a state prison sentence Desmarais was then serving (and which potentially had one more year to run). The record also indicates that counsel's advice about the plea bargain was accurate.

Finally, before Desmarais entered his guilty plea, the court questioned him thoroughly, determining, in accordance with Fed.R.Crim.P. 11, that he fully understood what he was doing, that he had freely decided to enter the guilty plea, that he realized that he was foregoing important rights, that he was aware of the mandatory minimum and maximum statutory penalties, and that the factual basis for the plea was strong. Desmarais' answers were clear. The transcript supports the district court's finding that Desmarais entered his plea voluntarily. *See, e.g., United States v. Austin,* 948 F.2d 783, 787 (1st Cir.1991) ("we have repeatedly found no abuse of discretion ... where Rule 11 procedures were assiduously followed.").

Desmarais points to two competing considerations that, he says, work in his favor: first, that the district court appointed new counsel to represent him; and, second, that the court found that the government would suffer little or no prejudice if the case went to trial, even though six months had passed since Desmarais' plea. The first of these considerations, however, does not indicate that initial counsel's representation "fell below an objective standard of reasonableness.... under prevailing professional norms." *Strickland v. Washington,* 466 U.S. 668, 688, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984). Indeed, the district court specifically found that counsel's representation was adequate. The court said that it had appointed new counsel out of an abundance of caution, because of a concern "that there might be some defense, something unexplored." However, the court concluded that "in this case I am satisfied that [counsel] have carefully reviewed the record, and ... there really is no significant defense to be made."

The second consideration does not help Desmarais either. Legal authority does not *require* the district court to vacate a guilty plea whenever the government would suffer little prejudice from such an action. Rather, we have suggested that prejudice to the government becomes a determinative issue only when the defendant has presented a "fair and just reason" for the plea withdrawal. *United States v. Ramos,* 810 F.2d 308, 313 (1st Cir.1987) ("Only after a defendant has brought forward a 'fair and just' reason, is the government *compelled* to demonstrate prejudice to its legitimate interests as part of its successful defense against a Rule 32(d) motion")

20

(emphasis in original). *See United States v. Pellerito*, 878 F.2d 1535, 1537 (1st Cir. 1989) ("If a defendant advances a plausible reason, the court should also weigh the prejudice, if any, to the government"). That is not the case here.

On balance, then, we find that the record adequately supports the district court's decision to permit Desmarais' guilty plea to stand.

## II

### The Sentence

■ Desmarais also challenges the validity of the court's fifteen year "mandatory minimum" sentence. The relevant statute imposes such a sentence upon unlawful gun possessors with three or more past "violent felony" convictions. 18 U.S.C. § 924(e). The government presented evidence that Desmarais had been convicted eight times for "breaking and entering" into various buildings with intent to commit a felony—a state crime that amounts to a "violent felony" for federal sentence-enhancement purposes. *Taylor v. United States*, 495 U.S. 575, 110 S.Ct. 2143, 2158–60, 109 L.Ed.2d 607 (1990). Desmarais, however, argued that the court should not count any of these past convictions, for each of them suffered a constitutional defect, namely that the convicting courts failed to provide a constitutionally adequate colloquy before accepting Desmarais' pleas of guilty.

■ The district court did not permit Desmarais to make this argument, for, in its view, the law does not permit a defendant to make, in a federal sentencing proceeding, this kind of collateral attack upon a past conviction. We have just held, however, that a defendant may do so. *United States v. Paleo*, 967 F.2d 7 (1st Cir.1992). Consequently, we vacate Desmarais sentence and remand for resentencing. *See Paleo, supra.*

*So ordered.*