59 F.3d 164
NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
 UNITED STATES, Appellee,
v.
Robyn L. ANDERSON, Defendant, Appellant.
 No. 95-1119.
 United States Court of Appeals,
First Circuit.
 June 29, 1995.
 
 Robert M. Napolitano, on brief for appellant.
 Jay P. McCloskey, United States Attorney, and Michael M. DuBose, Assistant United States Attorney, on Motion For Summary Disposition for appellee.
 D.Me.
 AFFIRMED.
 Before CYR, BOUDIN and LYNCH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant Robyn Anderson was convicted of wire fraud, bank fraud and credit card fraud. She appeals only from one aspect of her sentence-a two-level enhancement, pursuant to U.S.S.G. Sec. 3C1.1, for obstruction of justice. In so doing, defendant does not challenge the district court's determination that she committed perjury in testifying at the trial. Rather, she argues that the district court made insufficiently specific factual findings as to each element of a perjury violation. Thus, she concludes, the matter must be remanded so the district court may make the requisite findings.
 
 
 2
 Once a district court determines that a defendant's testimony constitutes perjury, Sec. 3C1.1 mandates a two-level enhancement in that defendant's base offense level. United States v. Austin, 948 F.2d 783, 788 (1st Cir. 1991). A witness who testifies under oath commits perjury "if she gives false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake or faulty memory." United States v. Dunnigan, 113 S.Ct. 1111, 1116 (1993). In deciding whether a defendant's BOL should be enhanced on the basis of perjury, the district court must make "independent findings" that "encompass[ ] all of the factual predicates for a finding of perjury." Id. at 1117. "A sentencing court, however, is not required to address each element of perjury in a separate and clear finding." United States v. Matiz, 14 F.3d 79, 84 (1st Cir. 1994).
 
 
 3
 Here, the district court judge stated that the "testimony the defendant gave was clearly false, was false in material ways to the issue of guilt or innocence, and ... was willful." He stated also that "all of the factual predicates for a finding of perjury have been met." It is difficult to distinguish this language from the language the Court approved in Dunnigan. In determining that defendant had committed perjury, the Dunnigan sentencing court stated only that the defendant had been "untruthful at trial with respect to material matters" and that the statements were "designed to substantially affect the outcome of the case." Dunnigan, 113 S.Ct. at 1114-15 (internal quotation marks omitted).
 
 
 4
 Defendant argues that the Court in Dunnigan intended to limit its endorsement of such conclusory language to the facts of that case. Thus, she posits, Dunnigan requires sentencing courts, in future cases, to make "separate and clear" findings. There is no support in Dunnigan or elsewhere for this interpretation. Indeed, in Matiz, we relied on Dunnigan to reject a challenge to equally terse phrasing. Matiz, 14 F.3d at 84 (the sentencing court stated that it "did not credit" defendant's testimony, that defendant "knowingly told a false story" and that defendant "did commit perjury").
 
 
 5
 The judgment of the district court is summarily affirmed. See Local Rule 27.1.