USCA1 Opinion

 

 June 29, 1995 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 95-1119 UNITED STATES, Appellee, v. ROBYN L. ANDERSON, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. D. Brock Hornby, U.S. District Judge] ___________________ ____________________ Before Cyr, Boudin and Lynch, Circuit Judges. ______________ ____________________ Robert M. Napolitano, on brief for appellant. ____________________ Jay P. McCloskey, United States Attorney, and Michael M. DuBose, _________________ _________________ Assistant United States Attorney, on Motion For Summary Disposition for appellee. ____________________ ____________________ -2- Per Curiam. Defendant Robyn Anderson was ___________ convicted of wire fraud, bank fraud and credit card fraud. She appeals only from one aspect of her sentence -- a two- level enhancement, pursuant to U.S.S.G. 3C1.1, for obstruction of justice. In so doing, defendant does not challenge the district court's determination that she committed perjury in testifying at the trial. Rather, she argues that the district court made insufficiently specific factual findings as to each element of a perjury violation. Thus, she concludes, the matter must be remanded so the district court may make the requisite findings. Once a district court determines that a defendant's testimony constitutes perjury, 3C1.1 mandates a two-level enhancement in that defendant's base offense level. United ______ States v. Austin, 948 F.2d 783, 788 (1st Cir. 1991). A ______ ______ witness who testifies under oath commits perjury "if she gives false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake or faulty memory." United ______ States v. Dunnigan, 113 S.Ct. 1111, 1116 (1993). In deciding ______ ________ whether a defendant's BOL should be enhanced on the basis of perjury, the district court must make "independent findings" that "encompass[] all of the factual predicates for a finding of perjury." Id. at 1117. "A sentencing court, however, is __ not required to address each element of perjury in a separate -2- and clear finding." United States v. Matiz, 14 F.3d 79, 84 _____________ _____ (1st Cir. 1994). Here, the district court judge stated that the "testimony the defendant gave was clearly false, was false in material ways to the issue of guilt or innocence, and . . . was willful." He stated also that "all of the factual predicates for a finding of perjury have been met." It is difficult to distinguish this language from the language the Court approved in Dunnigan. In determining that defendant ________ had committed perjury, the Dunnigan sentencing court stated ________ only that the defendant had been "untruthful at trial with respect to material matters" and that the statements were "designed to substantially affect the outcome of the case." Dunnigan, 113 S.Ct. at 1114-15 (internal quotation marks ________ omitted). Defendant argues that the Court in Dunnigan ________ intended to limit its endorsement of such conclusory language to the facts of that case. Thus, she posits, Dunnigan ________ requires sentencing courts, in future cases, to make "separate and clear" findings. There is no support in Dunnigan or elsewhere for this interpretation. Indeed, in ________ ______ Matiz, we relied on Dunnigan to reject a challenge to equally _____ ________ terse phrasing. Matiz, 14 F.3d at 84 (the sentencing court _____ stated that it "did not credit" defendant's testimony, that -3- defendant "knowingly told a false story" and that defendant "did commit perjury"). The judgment of the district court is summarily affirmed. See Local Rule 27.1. ________ ___ -4-