Raineri v. United States          CV-97-199-M    02/11/02
                    UNITED STATES DISTRICT COURT

                      DISTRICT OF NEW HAMPSHIRE


Bruce T. Raineri,
     Petitioner

     v.                                Civil No. 97-199-M
                                       Opinion No. 2002 DNH 039
United States of America,
     Respondent


                          **O R D E R**


     In support of his petition for relief under 28 U.S.C.

§ 2255, petitioner advances a number of arguments, some of which

are set out in his petition for habeas corpus relief, while

others surface in various addenda that have been filed

sporadically (all of which have been allowed in deference to his

pro se status; see Document no. 25).


                          **Background**

     Pursuant to his pleas of guilty, petitioner was convicted of

conspiracy to obstruct interstate commerce by robbery involving

actual or threatened force and violence (18 U.S.C. § 1951); using

or carrying a firearm during and in relation to a crime of

violence (18 U.S.C. § 924(c)(1)); and possessing firearms after

having previously been convicted of a crime punishable by more than one year of imprisonment (18 U.S.C. §§ 922(g), 924(e)(1)). Before he was sentenced, petitioner moved to withdraw his guilty pleas on several grounds, including claims that he received ineffective assistance of counsel and that his plea agreement had been breached by the government. An evidentiary hearing was held before Judge Devine, who made findings of fact and denied the motion. To avoid issues related to petitioner's plea, the government, with leave of the court, dismissed the felon in possession charge (but did not expressly do so "with prejudice").

Petitioner appealed his convictions and sentence, challenging the providency of his guilty pleas on several grounds, including ineffective assistance of his counsel. He also argued that the government should not have been allowed to drop the felon in possession charge, as that undermined his plea agreement, and that he should have been given a downward departure based on his cooperation with the prosecution. The court of appeals affirmed the convictions and sentence, but remanded the case to permit the government to elect between dismissing the felon in possession charge "with prejudice," or

2

having the remaining pleas vacated and going forward with trial on the offenses charged in the indictment.  See United States v. Raineri, 42 F.3d 36 (1st Cir. 1994) ("Raineri I").  The government elected to dismiss the felon in possession charge "with prejudice."

This is not petitioner's first claim for post-conviction relief.  Previously, both this court (Devine, J.) and the court of appeals (Selya, Cyr, Boudin, JJ.) treated a prior motion for post-conviction relief as, in fact, a motion for relief under § 2255.  See Raineri v. United States, No. 96-1924, slip op. at 1 (1st Cir. Jan. 20, 1997) ("Raineri II") ("Petitioner Bruce Raineri seeks a certificate of appealability in order to appeal from the denial of his petition under 28 U.S.C. § 2255 for habeas corpus relief.  We agree [with the district court's dismissal of the petition] and thus decline to grant a certificate of appealability.").

Accordingly, when the presently-pending, historically second motion for post-conviction relief was filed, it was treated as a "second" petition under § 2255, requiring a certificate of

3

appealability from the court of appeals before it could be entertained. See 28 U.S.C. § 2253(c). However, in fashioning a new rule in this circuit governing construction of poorly-styled post-conviction pleadings filed by prisoners (and notwithstanding its having treated petitioner's earlier filing as a § 2255 petition in Raineri II), the court of appeals (Selya, Boudin, Stahl, JJ.) determined that Raineri's original petition for post-conviction relief should not, for purposes of the Antiterrorism and Effective Death Penalty Act, have been treated as a petition for habeas corpus under § 2255. Consequently, the court held that the pending petition should be considered Raineri's "first" motion for relief under § 2255. See Raineri v. United States, 233 F.3d 96 (1st Cir. 2000) ("Raineri III").

## Discussion

The government earlier moved to dismiss this petition as untimely (it clearly is not), and now moves to dismiss on a number of grounds. Petitioner's pleadings are somewhat rambling and difficult to follow, but with modest effort the claims he is asserting can be ascertained. His current § 2255 petition, as amended, seeks relief on the following grounds:

4

1. His original defense counsel, Attorney Graham Chynoweth, provided ineffective assistance in connection with his pleas of guilty;

2. Successor counsel, Attorney Dorothy Silver, also provided ineffective assistance in connection with his unsuccessful efforts to withdraw his guilty pleas, sentencing, and on appeal;

3. His guilty pleas were invalid as they were not supported by a factual basis, and the trial court (Devine, J.) abused its discretion in denying his motions for evaluation by a psychologist and an addiction specialist (in connection with his effort to withdraw his pleas and as related to sentencing);

4. The prosecutor engaged in some sort of impermissible conduct before the Grand Jury in obtaining the indictment against petitioner;

5. That as a matter of law he was not guilty of "carrying" a firearm during or in relation to a crime of violence, notwithstanding his provident guilty plea (18 U.S.C. § 924(c)); and

6. It was error for the sentencing judge to have denied him a 3 point downward adjustment for acceptance of responsibility, and to have imposed a 2 point upward adjustment for obstruction of justice (i.e., perjury) under the sentencing guidelines, and his lack of success in that regard was due to ineffective counsel at sentencing and on appeal.

5

There may be bits and remnants of other claims referenced in the extensive pleadings filed by petitioner, but none amounts to a credible complaint. Each claim identified above will be addressed in turn, but each is either barred, without merit, or both.

I.   Ineffective Assistance of Original Defense Counsel.

Petitioner raised this precise issue – that Attorney Chynoweth provided ineffective assistance of counsel - when he pressed a motion to withdraw his guilty pleas prior to sentencing on that, as well as other grounds. The trial judge held an evidentiary hearing at which Attorney Chynoweth and petitioner, as well as others, testified. The court did not credit petitioner's testimony, found that Attorney Chynoweth provided representation that was not constitutionally deficient under the applicable legal standard, see Strickland v. Washington, 466 U.S. 668 (1984), and, necessarily, concluded that petitioner did not show that, due to counsel's deficient representation, he was induced to enter pleas of guilty that he otherwise would not have entered.

That finding was appealed, and the court of appeals fully considered the ineffective representation issue. Raineri I, 42 F.3d 36. See also United States v. Austin, 948 F.2d 783 (1st Cir. 1991)(where the asserted ground for withdrawing a plea is ineffective assistance, and to decide that motion the trial court holds an evidentiary hearing and makes findings, the ineffective assistance claim is properly before the court on direct appeal and will be heard). Like the trial court, the court of appeals rejected petitioner's ineffective assistance claim against Attorney Chynoweth on the merits: "Raineri's claim fails under any standard we might apply." Raineri I, 42 F.3d at 43.

Raineri cannot relitigate that issue (i.e., that but for Attorney Chynoweth's ineffective assistance he would not have pled guilty) in a § 2255 petition. It is settled that § 2255 cannot be used to revive issues previously resolved on direct appeal. See United States v. Butt, 731 F.2d 75, 76 n.1 (1st Cir. 1984); Dirring v. United States, 370 F.2d 862, 864 (1st Cir. 1967).

Moreover, petitioner adds nothing new to his previously resolved claim and, based on this court's review of the entire record, it is plain that his ineffective assistance claim fails on the merits for the reasons given previously by Judge Devine and the court of appeals in Raineri I, 42 F.3d at 43-44. To prevail, petitioner would have to show that counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by counsel's ineffective representation. Strickland, 466 U.S. at 687-88, 691-96. Counsel's performance is subject to highly deferential review, and petitioner can show prejudice only by demonstrating that the outcome would likely have been different but for counsel's mistakes. Id. at 694.

It is plain that Attorney Chynoweth's representation did not fall below an objective standard of reasonableness, and it is equally plain that petitioner was not prejudiced by any claimed deficient performance by counsel. His pleas were knowing, voluntary, intelligent, and factually supported; he has already unsuccessfully litigated this very issue; and, he proffers nothing even remotely suggesting that but for Chynoweth's allegedly ineffective representation he would not have pled

8

guilty. Finally, the record does not support his claim of "actual innocence," or that a miscarriage of justice has occurred. To be sure, McQueeney and the Raineris told different stories about weapons being transported and carried in connection with the Fitzpatrick burglary, but Bruce and Brian Raineri's admissions, and McQueeney's testimony were sufficient to support Judge Devine's factual findings that, indeed, the Raineris carried firearms during and in relation to the crime of violence that was the object of the charged conspiracy, notwithstanding their post-plea denials.

II.  Ineffective Assistance of Successor Defense Counsel.

Petitioner is somewhat vague in expressing his complaints regarding Attorney Silver, who succeeded Attorney Chynoweth and handled petitioner's plea withdrawal hearing, sentencing, and direct appeal. On that ground alone, relief could be denied. In order to state a viable claim of ineffective representation, the petitioner's allegations must clearly indicate the nature of defense attorney's prejudicial conduct. See United States v. Bosch, 584 F.2d 1113, 1121 (1st Cir. 1978).

9

Nothing in the record supports petitioner's broad claim of ineffective assistance with regard to the first prong of Strickland. Attorney Silver's representation did not fall below an objective standard of reasonableness: she offered evidence relevant to petitioner's claim that he should be permitted to withdraw his guilty pleas; argued his methadone coercion claims; filed motions seeking a psychological and/or addictive specialist evaluation, as petitioner desired; challenged original defense counsel's effectiveness; made no apparent sentencing guideline miscalculations or related errors; and appears to have briefed and argued appropriate issues on appeal, having failed to prevail in the district court. See, e.g., United States v. Raineri, 1994 WL 262771 at *2 (D.N.H. 1994) ("The efforts of Attorney Silver were of high professional quality and were helpful to her client in that one of the three original counts set forth in the indictment was, largely due to her efforts, dismissed . . . . Had this count gone forward, it would undoubtedly have resulted in a greatly increased sentence for the defendant."). In short, Attorney Silver's representation was comfortably within the range of competence demanded of attorneys in criminal cases. See Strickland, supra.

Petitioner's complaints do not identify any real, specific, failings on Attorney Silver's part. But, even assuming satisfaction of the first Strickland prong, nothing in his petition, or the record, shows that he was prejudiced in any way – that is, that a reasonable probability exists that, but for Attorney Silver's alleged "errors," the results of petitioner's plea withdrawal hearing, sentencing hearing, or direct appeal, would have been different. So, his claim fails on the second Strickland prong as well.

Having fully reviewed the record, this court shares Judge Devine's earlier conclusion that petitioner's guilty pleas were knowingly, intelligently, and voluntarily entered, they were not induced by ineffective assistance of counsel, they were not induced by methadone withdrawal or a false promise of immediate relief through methadone treatment following his pleas (a claim the court of appeals found substantial reasons to believe was false, and one soundly rejected by the trial judge), and those pleas were factually supported in the record. See generally Raineri I. The fact of the matter is, petitioner:

11

himself admitted guilt on each count and agreed with
the government's description of the evidence against
him, which included the presence of a rifle in the van.
Even in his retraction, he confessed to conspiracy to
engage in burglary but denied the presence of guns in
the van.  At the co-defendants' trial an informant
testified that the Raineris had possessed guns in the
van and transferred them from one vehicle to another.
Raineri's claim of innocence is an element in the Rule
34 equation but it does not come close to a showing
that a miscarriage of justice has occurred.

Raineri I, 42 F.3d at 45.

Regardless of the precedential value of Raineri II in the
wake of the court's opinion in Raineri III, in reviewing
petitioner's first pleading for post-conviction relief to
determine whether to issue a certificate of appealability of the
adverse § 2255 ruling below, the Raineri II court correctly
characterized the record as follows:

The district court dismissed the petition on the ground
that, even if petitioner can no longer be said to have
"used" a firearm in the wake of Bailey, his conviction
for having "carried" a firearm remains unaffected by
that decision.  We agree and thus decline to grant a
certificate of appealability.

The district court, crediting the testimony of Thomas
McQueeney, supportably found that petitioner personally
moved a rifle into the car in which the five
participants drove to the robbery scene.  Such conduct
obviously falls within the purview of the statute.

Alternatively, the court determined that, as also charged in the indictment, petitioner aided and abetted his brother in carrying the rifle. Such a theory requires proof that petitioner knew a firearm would be carried or used by a co-conspirator in the offense and willingly took some action to facilitate the carriage or use. As the McQueeney testimony established each of these elements, petitioner's conviction was properly sustained under an aiding-and-abetting theory as well.

Raineri II, slip op. at 1-2 (citations, internal quotation marks, and ellipses omitted).

Because petitioner pleaded guilty and because those pleas were providently entered, the accuracy and truth of his plea hearing statements are necessarily accepted as conclusively established, in the absence of some reasonable allegation tending to undermine those statements. As the court of appeals has previously held:

> [A] defendant should not be heard to controvert his Rule 11 statements in a subsequent § 2255 motion unless he offers a valid reason why he should be permitted to depart from the apparent truth of his earlier statement[s].
>
> * * *
>
> Even if the appellant had asserted that, upon the advice of counsel, he had made false statements at the change-of-plea proceedings, the presumption of truthfulness of the Rule 11 statements will not be

13

> overcome unless the allegations in the § 2255 motion
> are sufficient to state a claim of ineffective
> assistance of counsel and include credible, valid
> reasons why a departure from those earlier
> contradictory statements is now justified.

United States v. Butt, 731 F.2d 75, 80 (1st Cir. 1984) (citations omitted). Here, as in Butt, petitioner has not substantiated his ineffective assistance of counsel claims with any unresolved material issues of fact and has not overcome the presumption of regularity accorded the record. That record establishes his actual guilt, the providency of his guilty pleas, and the constitutionally sufficient nature of the representation provided by his original counsel in connection with his pleas.

As to petitioner's successor counsel, the record is equally clear that she did not provide ineffective assistance with respect to petitioner's attempt to withdraw his pleas. She reasonably challenged the pleas on appropriate grounds, including original counsel's alleged ineffective representation, and presented relevant evidence and argument.

With regard to sentencing, Attorney Silver also appears to have done a credible job. Petitioner is simply wrong in arguing

14

that he should have been given acceptance credit under the Sentencing Guidelines (after all, he denied guilt prior to sentencing, attempted to withdraw his pleas, and was found to have lied to the court in the process).  See United States Sentencing Guidelines, (U.S.S.G.) § 3E1.1.  He is equally wrong in claiming that the two point upward adjustment for obstruction of justice was unwarranted.  Petitioner was found to have lied, which more than warranted the obstruction adjustment.  See U.S.S.G. § 3C1.1, Comment 4(b).  Since the trial judge's sentencing determinations were entirely correct, Attorney Silver can hardly be faulted for failing to obtain a different outcome.

Moreover, Attorney Silver was hardly deficient in failing to appeal those guideline sentencing determinations, since no reasonable basis for an appeal existed.  And, even had she raised those issues on appeal, the outcome would have been unchanged, so petitioner suffered no prejudice from the failure to raise those issues on direct appeal.  See Strickland, supra.  Similarly, even if Attorney Silver had raised the issue of alleged methadone-related coercion with respect to petitioner's guilty pleas, or sentencing, the outcome on appeal would have been no different.

15

The Guideline Sentencing Range was properly calculated and petitioner was sentenced within the applicable range. With regard to the methadone-induced plea claim, the trial court rejected that claim as wholly meritless and untrue, and the court of appeals noted that "there is substantial reason to believe the claim is false." Raineri I, 42 F.3d at 45. Petitioner provides nothing new or different that might alter that assessment; he merely rehashes points and arguments previously considered and rejected.

III. Factual Support for Petitioner's Guilty Pleas.

The short answer to this complaint is that petitioner's pleas were provident, were not induced by ineffective assistance of counsel, and were factually supported by the assented-to government proffer. See Raineri I, 42 F.3d at 45 ("It is also clear that there was a factual basis for Raineri's guilty pleas."). Petitioner is taken at his word, given under oath, during the Rule 11 proceeding: he committed each of the essential elements of each charge to which he pled guilty.

Furthermore, petitioner could have, but did not challenge on appeal the trial judge's discretionary rulings on his motion for psychological evaluation and, indeed, did not challenge the trial court's adverse rulings on his claims to have pled guilty due to methadone withdrawal distress and/or due to a false promise by the government of immediate methadone treatment in exchange for his pleas. As noted by the court of appeals:

> [T]he district court did not accept the claim, and its findings are controlling in the absence of clear error. Indeed, there is substantial reason to believe that the claim is false – for example, Raineri did not complain of the lack of methadone when interviewed by the probation officer after the guilty plea – but in any case Raineri does not now question the district court's resolution of the issue.

Raineri I, 42 F.3d at 45 (citation omitted) (emphasis supplied). Again, petitioner cannot use a § 2255 petition as a substitute for direct appeal with regard to non-constitutional issues. See United States v. Frady, 456 U.S. 152, 165 (1982). Having failed to raise the issues on appeal, he cannot raise them in a collateral attack without showing both cause and prejudice for that failure, or a "complete miscarriage of justice," or "an omission inconsistent with the rudimentary demands of fair procedure." Knight v. United States, 37 F.3d 769, 772 (1st Cir.

17

1994 (quoting <u>Hill v. United States</u>, 368 U.S. 424, 428 (1962)).
Petitioner has failed to do so.

There can be no prejudice given that the record demonstrates that the trial judge considered the issues, resolved them against petitioner, and petitioner's claims of methadone-induced involuntariness relative to his guilty pleas were likely false. <u>See</u> <u>United States v. Raineri</u>, No. CR-92-18-4-SD, slip op. at 5 (D.N.H. April 22, 1993) ("The [petitioner's] testimony to the effect that provision of [methadone maintenance] treatment was a condition of his plea is rejected by the court as totally lacking in credibility."). And, parenthetically, the court notes that counsel was not "ineffective" in failing to appeal those rulings, given that there is nothing in the record, or in what petitioner has submitted, suggesting that appellate review would have produced a different outcome had those issues been raised.

IV.  Prosecutorial Misconduct.

This complaint, too, is entirely without merit. Petitioner's basic claim is that the indictment, in so far as it applied to him, was the product, in large part, of the testimony of Thomas McQueeney, which petitioner characterizes as "the uncorroborated testimony of an accomplice who was given immunity for his testimony."  He also claims the indictment was the product of other, unspecified "fraudulent and misleading testimony."  There is no statute, rule, practice, or principle, prohibiting prosecutors from presenting immunized co-conspirator testimony, or even hearsay, before a Grand Jury.  The Grand Jury returned a valid indictment that was obviously based upon probable cause.  Indeed, petitioner committed the crimes charged against him as established by his knowing, voluntary, and providently entered guilty pleas.

V.  Petitioner's Guilt as to the Section 924(c) Charge.

Petitioner claims that, as a matter of law, he was not guilty of "carrying" a firearm during and in relation to a crime of violence, notwithstanding his guilty plea.  See 18 U.S.C.

19

§ 924(c). This claim has no more merit than any of petitioner's other claims.

Petitioner pled guilty to the offense, there was a factual basis for that plea, and indeed petitioner agreed at the plea hearing with "the government's description of the evidence against him, which included the presence of guns [a rifle] in the van." Raineri I, 42 F.3d at 45. See also Raineri II, slip op. at 1-2. Although he subsequently denied the presence of firearms during the charged robbery, his denials "[did] not come close to a showing that a miscarriage of justice has occurred." Raineri I, 42 F.3d at 45. Nothing in the petition provides any reason to doubt what the record establishes – that petitioner personally moved a rifle into the vehicle used by the conspirators to drive to the robbery scene or, at a minimum, that he aided and abetted his brother in carrying the rifle. See Id. ("It is also clear that there was a factual basis for Raineri's guilty pleas."). Given the pertinent facts of record, established by his pleas and the trial court's findings, and as noted by the court of appeals, petitioner "carried" a firearm during and in relation to a crime of violence within the meaning of 18 U.S.C. § 924(c)(1). See

e.g., United States v. Ramirez-Ferrer, 82 F.3d 1149 (1st Cir. 1996); United States v. Bennett, 75 F.3d 40 (1st Cir. 1996).

In a separate motion (document no. 34), petitioner moves the court to obtain "certain documents" from the government and review them in camera. Petitioner says the documents will show that the government "knew McQueeney was not being truthful" about the Raineris' carrying firearms during the robbery, but "withheld this information and allowed him [McQueeney] to testify." Id. Moreover, he asserts that "the probation dept [sic] requested the sentencing Court to deny [his brother, and co-conspirator, Brian Raineri] a three point reduction for acceptance of responsibility and add two points for obstruction of justice." Id. Petitioner says the government opposed the probation officer's recommendation because it believed Brian Raineri to have been truthful in denying the presence of weapons in the van related to the conspiracy and "no longer relied on the testimony of McQueeney" on that point as to Brian, but continued to rely on McQueeney's firearm testimony as to him. Id. In short, petitioner suggests that the government knowingly presented perjured testimony from McQueeney about petitioner's use or

21

carriage of a firearm, in an effort to save petitioner's conviction on the 924(c) charge and fend off his efforts to withdraw his guilty pleas.

The record does not support petitioner's premises. It is true that the probation officer initially recommended that Brian Raineri's guideline offense level not be adjusted downward by three points for acceptance of responsibility, because Brian, in his response to the presentence investigation report ("PSR"), denied bringing a rifle into the robbery victim's residence. The probation officer, however, never recommended a 2 point upward adjustment for obstruction of justice in Brian's case. Subsequently, before sentencing, the probation officer reconsidered her recommendation regarding acceptance credit, writing in Addendum II to Brian Raineri's PSR:

> 3. The probation officer has re-analyzed the issue of acceptance of responsibility. It is unclear to the probation officer whether the defendant brought a rifle into the Fitzpatrick residence, the defendant denies doing so, and the Government relied on information supplied to them by McQueeney. The prosecution now indicates it does not know which version is correct. However, because the defendant entered a guilty plea well in advance of the scheduled trial, provided assistance regarding his own involvement in the crime, as well as his codefendants, voluntarily assisted

22

authorities in recovering some of the proceeds of the offense, and testified at trial, the probation officer has reduced the offense level by three (3) points. [1]

_____

[1]    Brian Raineri's response to the presentence investigation report contained the following objection:  "Mr. [Brian] Raineri did not carry any firearm or any other weapon as he approached the residence, and was unaware that Kenney possessed a handgun."  See Presentence Investigation Report, Docket No. CR-92-18-5-SD, Para. 26, p. 9.  Of course, that statement does not speak to the presence of the rifle (or other firearms) in the van.  But that statement seems to be what triggered the initial recommendation (although Brian Raineri did generally deny, in his PSR objection and at sentencing, that he carried firearms during and in relation to a crime of violence). Moreover, it appears that the specific denial - i.e., he did not carry a firearm as he approached the residence - is the "version" the government did not care to debate in the context of acceptance credit. It hardly follows that the government tacitly agreed that Brian Raineri did not "carry" within the meaning of § 924(c)(1), or that McQueeney's testimony was false or unreliable on that score.  At Brian's sentencing, the prosecutor invoked McQueeney's testimony as establishing Brian's carrying of firearms prior to entering the residence (in countering his "competing harms" claim for relief)(document no. 471, Tr. p. 9). Judge Devine specifically found McQueeney's testimony regarding the Raineris' carrying of firearms to be credible (see Docket No. CR-92-18-5-SD, document no. 471, p.6; document no. 458 (Appended Order), and document no. 467.2, Transcript, p. 170).  Brian Raineri admitted his guilt during his plea colloquy, and did not seek to withdraw his plea to the § 924(c) charge.
     What seems particularly clear is that the government had little interest in pressing the acceptance credit issue (which, given Brian's general denials, would have been perfectly justified), and was willing to ignore Brian's denials in order to extend the acceptance credit for other reasons - presumably to reward his valuable cooperation and testimony in the trial of his co-conspirators.
     But none of those apparent sentencing machinations in Brian's case suggests that the government knew, or knows, that firearms were not carried by the Raineris, or that McQueeney's testimony on that point was false, or that, for whatever reason,

Brian Raineri (a convicted felon) did not deny the presence of a firearm (a rifle) in the van, but merely attempted to provide an innocent explanation for it, saying it was not related to the charged conspiracy, but was used in his construction business "to exterminate rodents during home renovations," and that it was routinely kept in a locked container in the van. Nevertheless, the trial judge explicitly rejected that claim, finding McQueeney's trial testimony on the point credible:

> Similarly, the court credited McQueeney's testimony with respect to paragraph 24 of the PSR, which concerned the production and use of weapons by the defendants preparatory to the criminal activity in which the defendant was engaged. Accordingly, the defendant's [Brian Raineri's] objection to this paragraph was overruled.

Order, September 28, 1993, appended to Judgment in a Criminal Case, document no. 458, Docket No. CR-92-18-5-SD. That is, Judge Devine credited McQueeney's trial testimony in Brian Raineri's case in exactly the same manner as he credited it in petitioner's case.

---

the government disavowed, or has since disavowed, McQueeney's testimony.

While the government certainly could have argued against acceptance credit in Brian's case, it obviously chose to overlook Brian's risky (and implausible) denials, apparently because he did provide valuable cooperation, and because it was not critical to the government's case whether Brian did or did not carry a rifle into the victim's residence. Contrary to petitioner's claim, however, nothing in the record suggests that the prosecution doubted McQueeney's testimony regarding the firearms in the van or the Raineris guilt of the § 924(c) offense. The government never wavered on that issue, contested Brian's general denials, and relied on McQueeney's testimony to establish Brian's carrying of firearms during Brian's sentencing hearing.[2] Indeed, as noted above, Brian Raineri conceded the presence of a rifle in

---

[2] The government is no doubt fully aware of its Brady obligations and, if the court's assessment of the record is wrong, and the government actually had or has evidence tending to establish that McQueeney committed perjury regarding the firearms carried by the Raineris and the other co-conspirators, or has disavowed that testimony for some reason, it of course will take the appropriate action. See e.g. Brady v. Maryland, 373 U.S. 83, 87 (1963). But nothing in this record or petitioner's pleadings credibly suggests any such thing. That the government turned a blind eye to statements Brian Raineri made that were inconsistent with his own plea of guilty to Count 24 (i.e., by not pursuing an objection to acceptance credit or by failing to seek an obstruction enhancement), does not suggest that the government knew or knows, or even believed or now believes McQueeney testified falsely.

25

the van, though he sought to minimize its relationship to the offense. In the end, however, Brian, like Bruce Raineri, providently pled guilty to the § 924(c)(1) offense described in Count 24 of the indictment, and Brian's minimizing explanation of the presence of a rifle in the van, like petitioner's outright denial of the presence of any firearms in the van, was discredited and rejected by the trial judge who presided over the trial in which McQueeney testified, as well as the proceedings involving the Raineris.

Because petitioner's motion for ex parte review is based upon demonstrably incorrect premises, and the record does not support his conclusory allegation that the government was, or is, aware of McQueeney's alleged false testimony regarding firearms in the van and petitioner's connection to them, the motion has been denied. Of significance here, however, is that neither the record, nor the petition and related pleadings, provides any basis for concluding that petitioner's guilty plea to Count 24 of the indictment (i.e., the § 924(c) charge) was improvident in any respect, or that petitioner is "actually innocent" of that crime, or that a miscarriage of justice has occurred.

26

VI.  Alleged Sentencing Errors.

Finally, petitioner says it was error for the sentencing judge to deny him a 3 point downward adjustment for acceptance of responsibility, and to impose a 2 point upward adjustment for obstruction of justice (for perjury) in determining the applicable Guideline Sentencing Range.  Again, neither claim has merit.

First, the record fully supports the denial of credit for acceptance of responsibility.  Petitioner not only denied his guilt prior to sentencing, but actively pursued a motion to withdraw his guilty pleas.  Second, he was found to have lied to the court in that process, warranting a 2 point upward adjustment for obstruction of justice under the Guidelines.  The Guidelines calculation was correct in every respect.  See U.S.S.G. §§ 3E1.1 and 3C1.1, Comment 4(b).

Moreover, petitioner did not raise these non-constitutional issues on direct appeal, so, again, he cannot raise them now in the context of a § 2255 petition.  See United States v. Frady, supra.  See also Knight v. United States, 37 F.3d 769, 772 (1st

27

Cir. 1994) ("A non-constitutional claim that could have been, but was not, raised on appeal, may not be asserted by collateral attack under § 2255 absent exceptional circumstances."). Here, no such exceptional circumstances have been proved (or even credibly alleged). Petitioner makes only a weak effort to show cause and prejudice for his failure to raise the issues – i.e., alleged ineffective assistance of counsel. But, as discussed above, counsel was not ineffective for failing to raise meritless issues on appeal. She was not required to do so, and, is duty bound not to raise frivolous issues. Nevertheless, even if those issues had been raised, petitioner would not have prevailed since he was plainly not entitled to an adjustment for acceptance, and his misconduct fully warranted the obstruction adjustment.

## Conclusion

As all of petitioner's claims for relief are either barred or without merit, or both, and the motion, files and records of this case conclusively demonstrate that petitioner is not entitled to relief under § 2255, his petition for post-conviction relief is hereby denied.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

February 11, 2002

cc:  Bruce T. Raineri, pro se
     Peter E. Papps, Esq.